[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. It concerns felony sentencing for burglary and recognizance bond violations. Because we conclude that the sentences handed down were legally proper and that there is no evidence that appellant's trial counsel was ineffective during the sentencing phase, we affirm.
On October 3, 1997, appellant, Patrick C. Meadows, and two accomplices broke into a home in western Lucas County. The trio had planned the burglary for some time and carried with them a roll of duct tape to restrain anyone found in the residence. Fortunately, at the time of the break-in, no one was home, only the family dog. The intruders beat the dog to death and took jewelry and other property from the house.
On October 27, 1997, appellant was indicted for burglary, a third degree felony. Following arraignment, appellant was released on his own recognizance. Shortly thereafter, appellant and one of his accomplices fled the jurisdiction, intending to go to California. The two traveled as far as New Mexico where they were arrested after an incident in which they kidnaped two people at gunpoint.
In New Mexico, appellant was convicted of aggravated assault with a deadly weapon and false imprisonment. He served one year on those charges before he was returned to Ohio to face his original burglary charge and an additional felony indictment for violating a release on own recognizance.
Appellant pled guilty to both charges and, following a pre-sentence investigation, appeared before the court for sentencing. On the burglary count, the court found that appellant was not amenable to community control and that a prison term was consistent with purposes and principals of sentencing. Additionally, the court found that the minimum prison term would demean the seriousness of the offense and not adequately protect the public. Moreover, the court found that appellant committed the worst form of the offense and would pose the greatest likelihood of recidivism. The court made parallel findings on the recognizance bond violation and imposed the maximum sentence as allowed by law, five years imprisonment, for both the burglary count and the felony recognizance bond violation. The court ordered that the sentences be served consecutively based on the seriousness of appellant's conduct, the danger he poses and his criminal history.
Appellant now appeals that sentence, setting forth the following two assignments of error:
"Assignment of Error No. 1
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SENTENCING THE APPELLANT TO MAXIMUM, CONSECUTIVE TERMS OF IMPRISONMENT.
"Assignment of Error No. 2
 "APPELLANT'S COUNSEL WAS INEFFECTIVE AT THE SENTENCING PROCEEDINGS."
 I.
In his first assignment of error, appellant insists that the trial court's decision to impose maximum consecutive sentences was, "* * * contrary to law, unsupported by the record, and wholly inconsistent with the principals and purposes of felony sentencing in Ohio."
With a felony of the third degree, such as the burglary at issue here,[1] the sentencing statutes contain no presumption for or against imprisonment. R.C. 2929.13(3). Instead, the sentencing court is directed to comply with the purposes and principals of sentencing as set forth in R.C. 2929.11
and 2929.12. We have previously stated,
 "* * * 2929.11 defines the overarching policy considerations underlying felony sentencing in this state. The statute specifically states that, the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. * * *
 `A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct * * *.'
 "R.C. 2929.12 makes clear that, unless a prison term is statutorily mandated, the implementation of the principles set forth in R.C. 2929.11 rest in the sound discretion of the court. The statue also sets forth a number of factors which the court is directed to consider in the exercise of that discretion. R.C. 2929.12(B)-(E)." State v. Cooks (1997), 125 Ohio App.3d 116, 118.
A court's discretionary decisions will not be reversed on appeal absent an abuse of discretion. That term "abuse of discretion" denotes more than an error in law or of judgment, but that the court's attitude is arbitrary, unreasonable or unconscionable. State v. Long (1978), 53 Ohio St.2d 91, 98.
The trial court's sentencing entry recited consideration of R.C. 2929.11 and 2929.12. Indeed, in the sentencing colloquy, the court made specific findings that the victim of the offense suffered serious physical, psychological or economic harm as a result of the offense and that the offender's relationship with the victim facilitated the offense. Both factors statutorily weighed in favor of a conclusion that the offense was more serious than normal. R.C. 2929.12(B) (2) (3). The court also found that appellant's flight while on bond and his subsequent commission of violent acts against persons while fleeing indicated a pattern predictive of recidivism. See R.C. 2929.12(D) (1). Consequently, the record reflects that the court considered the necessary factors and acted within its discretion when it chose imprisonment for appellant.
Appellant also complains that the court's findings and reasons of record are insufficient to support maximum sentences and consecutive sentences. The imposition of a maximum sentence for an offense is governed by R.C. 2929.14(C) which provides, in material part:
 "(C) [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section."
R.C. 2929.14(E) (4) governs the imposition of consecutive sentences. The material portion of that statute provides:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c)The offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender."
When imposing either maximum and/or consecutive terms, R.C. 2929.19(B) (2) (c) and (d) require that the court make the necessary findings and give oral or written reasons for selecting the sentences imposed. See State v. Edmonson (1999), 86 Ohio St.3d 324,328-329.[2]
In this matter, the court made written findings with respect to the burglary charge that the shortest sentence would, "* * * demean the seriousness of the offense AND [sic] will not adequately protect the public * * *." Additionally, the court found that appellant had, "* * * committed the worst form of the offense and * * * pose[d] the greatest likelihood of recidivism."
In the sentencing entry on the recognizance bond violation, the court found appellant committed, "* * * the worst form of the offense" and that his "* * * criminal history requires consecutive sentences." Both entries state a finding that sentence enhancements are not "disproportionate to the seriousness" of the offenses.
At the sentencing hearing, the court noted that the initial offense "wasn't a drug-crazed burglary * * * spur of the moment. The offense was planned." Appellant and his cohorts brought with them duct tape and rope in case someone was home when they broke in. The dog that they beat to death was not a watch dog, but "* * * had become elevated to a family member, and this dog died a violent, awful death for no reason."
The court then recalled appellant's actions after he skipped bond: the flight to New Mexico and the kidnaping of two innocent people at gunpoint.
In our view, the court's sentencing hearing statements are sufficient to satisfy the requirements of R.C. 2929.19(B) (2). Moreover, the record supports each of the court's findings as revealed in the sentencing hearing and the sentencing entry. Accordingly, appellant's first assignment of error is not well-taken.
 II.
In his second assignment of error, appellant complains that his trial counsel was ineffective at the sentencing hearing because he offered only a brief plea in mitigation and, during that plea, failed to make any reference to the sentencing statute.
 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord, State v. Smith (1985), 17 Ohio St.3d 98, 100.
Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v. Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v.Lott (1990), 51 Ohio St.3d 160, for Ohio's adoption of theStrickland test.
In essence, appellant's assertion of ineffective trial counsel focuses on the fact that he does not agree with trial counsel's tactics during the sentencing hearing. Appellant, however, has offered no authority to support his proposition that a mitigation plea has to be of a minimum length or must reference that sentencing statutes. Therefore, he has failed to show that his trial counsel's performance was deficient. Accordingly, appellant's second assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.
 _______________________________ JUDGE
[1] A felony recognizance bond violation is an unclassified felony, but is similarly subject to the requirements of R.C.2929.11 and 2929.12, as would be a classified felony. See State v.Queensbury (1994), 69 Ohio St.3d 556, 558-559.
[2] Edmonson puts to rest the question of whether or not all findings and reasons for sentence enhancement must be contained in the written sentencing entry. In Edmonson at 327 and 329, the court ratifies the practice that supporting rationale may be either oral or in writing. See, also, Ohio Criminal Sentencing Commission, Felony Sentencing — Quick Reference Guide (Nov. 1996) 3; Prison Terms.