DECISION AND JUDGMENT ENTRY
This court sua sponte places this matter on the accelerated calendar. Appellant appeals the decisions of the Lucas County Court of Common Pleas that (1) sentenced him to an indeterminate sentence for a violation of R.C. 2937.29 and 2937.99 and (2) denied his Motion to Vacate and Correct Illegal Sentence. For the reasons discussed below, we reverse the judgment of the trial court.
On November 14, 1990, appellant was sentenced to an indeterminate sentence of one to five years for an OR bond violation, in violation of R.C. 2937.29 and R.C. 2937.99(A). According to appellant's brief, he has yet to serve his sentence, due to the fact that he is serving other sentences in unrelated cases. Then, on March 1, 2000, appellant filed a Motion to Vacate and Correct Illegal Sentence, requesting that his indeterminate sentence be modified to a determinate sentence, in accordance with State v. Quisenberry (1994), 69 Ohio St.3d 556. On April 26, 2000, the trial court denied appellant's motion, finding that although the sentence was improper, appellant's motion (which the trial court treated as a petition for postconviction relief) was untimely and appellant's argument was barred by res judicata. On May 25, 2000, appellant appealed the court's denial of his motion. On that same date, appellant also filed a motion for delayed appeal, which this court granted. These two appeals have been consolidated in the present action. Appellant now raises the following assignments of error:
 "I. IT CONSTITUTED ERROR TO IMPOSE AN INDETERMINATE SENTENCE IN A CASE WHERE THE STATUTE UNDER WHICH THE CONVICTED DEFENDANT WAS SENTENCED REQUIRES IMPOSITION OF A DETERMINATE SENTENCE.
 "II. IT CONSTITUTED ERROR TO DISMISS THE MOTION TO VACATE AND CORRECT ILLEGAL SENTENCE."
In his first assignment of error, appellant argues that the trial court erred in imposing an indeterminate sentence on him for a violation of R.C. 2937.29. We agree. The Supreme Court has specifically held that "R.C. 2937.99 requires the court to impose a definite term of imprisonment for a violation of R.C. 2937.29." Quisenberry, syllabus. Accordingly, we find appellant's first assignment of error well-taken.
Upon consideration of our determination of appellant's first assignment of error, we find appellant's second assignment of error to be moot.
On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to the trial court for resentencing. Court costs of this appeal are assessed to appellee.
 _______________ KNEPPER, J.