JOURNAL ENTRY AND OPINION
Defendant Michael Bryant appeals from his convictions for two counts of drug possession, one of which included a major drug offender specification, possession of criminal tools, and trafficking in cocaine. For the reasons set forth below, we affirm.
On October 8, 1997, defendant was indicted for one count of drug possession and one count of possession of criminal tools (money and pager). The indictment was issued in connection with a search warrant executed at defendant's home on September 4, 1997. The matter proceeded to trial on May 11, 1998. A mistrial was declared in connection with a response elicited during defendant's trial counsel's questioning of one of the state's witnesses. Thereafter, on June 19, 1998, defendant was re-indicted in the same matter. The new indictment contained major drug offender and firearm specifications, an additional count of trafficking in crack cocaine, and also listed a firearm within the charge of possession of criminal tools. Defendant's trial court asserted that the new charges were materially different from the original charges and moved for a continuance. The trial court denied the motion and the matter proceeded to trial on July 13, 1998.
Defendant was ultimately convicted of possession of drugs with the major drug offender specification pursuant to the first count of the indictment, guilty of possession of drugs pursuant to the second count of the indictment, guilty of possession of criminal tools and guilty of trafficking in cocaine. Defendant now appeals and assigns four errors for our review.
Defendant's first assignment of error states:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE TRIAL COURT DENIED DEFENDANT'S MOTION TO CONTINUE THE TRIAL DATE AND THE TRIAL WENT FORWARD THREE DAYS AFTER DEFENDANT'S ARRAIGNMENT ON NEW AND ENHANCED CHARGES.
Within this assignment of error, defendant asserts that the trial court abused its discretion in refusing to grant a continuance of this matter after he was re-indicted for additional charges.
A trial court is given broad discretion in deciding whether or not to grant a continuance of trial proceedings. State v. Unger
(1981), 67 Ohio St.2d 65, syllabus.
In this instance, the matter was originally scheduled for trial on May 11, 1998. Trial commenced but a mistrial was later declared as a result of a response which was elicited during defendant's trial counsel's cross-examination of one of the state's witnesses. Thereafter, on June 17, 1998, defendant was re-indicted to include major drug offender and firearm specifications and an additional charge of drug trafficking. The matter was set for trial on July 13, 1998. Defendant's trial counsel requested a continuance in order to prepare a defense to the new charges. The trial court denied the motion for a continuance, recalling that at the conclusion of the aborted May trial, counsel was advised by the prosecuting attorney in the presence of the court, that defendant would be re-indicted with the new charges. (Tr. 6, 26). Although defendant's present counsel disputes this version of the events, defendant's trial counsel neither confirmed nor denied for the trial court that this discussion occurred. We find no basis for refuting the trial court's recollection of these events. In any event, defendant's trial counsel was clearly able to proceed and did proceed upon the first indictment approximately six weeks earlier. Although the amended indictment does now contain the major drug offender specification, this specification focuses upon the amounts of drugs which were recovered and the amounts were clearly disclosed at the start of the first trial. Similarly. although a firearm specification was added in the amended indictment, it was disclosed prior to the start of the first trial that a firearm was recovered in connection with the execution of the search warrant. We conclude that the trial court did not abuse its discretion in denying the motion for a continuance. AccordState v. Staples (1993), 88 Ohio App.3d 359, 363.
The first assignment of error lacks merit.
Defendant's second assignment of error states:
 THE TRIAL COURT COMMITTED PLAIN ERROR WHEN THE JURY WAS ADVISED THAT THE GRAND JURY DETERMINED THAT THE DEFENDANT WAS A "MAJOR DRUG DEALER" AND PERMITTED THE JURY TO DELIBERATE ON WHETHER THE DEFENDANT WAS A "MAJOR DRUG OFFENDER" IN VIOLATION OF R.C. 2941.1410.
Within this assignment of error, defendant maintains that the trial courts remark that defendant was charged with a major drug dealer specification deprived him of a fair trial.
Pursuant to R.C. 2929.14, if a court imposing a sentence upon an offender for a felony finds that the offender is guilty of a major drug dealer specification, the court shall impose a ten-year prison term.
R.C. 2941.1410, the major drug dealer specification, provides in relevant part as follows:
 (A) The determination by a court that an offender is a major drug offender is precluded unless the indictment, count in the indictment, or information charging the offender specifies that the offender is a major drug offender. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form:
 "SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender is a major drug offender)."
 (B) The court shall determine the issue of whether an offender is a major drug offender.
Thus, the correct practice is for the underlying charges to be determined first and, if there is a finding of guilty to the possession charge, the issue of defendant's guilt on this specification is to be addressed at a later time.
In this instance, the court briefly mentioned that defendant had been charged with the major drug offender specification in her opening remarks. (Tr. 28). She then instructed the jury that it was to determine whether the charges were supported beyond a reasonable doubt. (Tr. 29). The court later reiterated that the indictment was not evidence, that the defendant was presumed innocent, (Tr. 37-38) and that it was required to base its decision solely upon the law given to them. (Tr. 180-181). The trial court did not instruct the jury upon the specification, however, and most importantly, the verdict forms did not contain any provision for the jury to decide whether defendant was a major drug offender. Moreover, the jury was instructed that the remarks were not evidence (Tr. 181, 655) and that the indictment was not evidence. (Tr. 655). We are therefore unable to conclude that the brief references to this portion of the indictment had any effect upon the outcome of this matter.
The second assignment of error is without merit.
Defendant's third assignment of error states:
 THE TRIAL COURT ERRED BY ADMITTING STATE'S EXHIBIT 15 (THE SEARCH WARRANT AND AFFIDAVIT) WHICH CONTAINED PREJUDICIAL HEARSAY REFERENCING UNCHARGED CRIMINAL CONDUCT AND BY ADMITTING OTHER PREJUDICIAL HEARSAY.
Defendant next contends that the trial court erred in permitting the search warrant to be introduced into evidence in this matter.
The invited error doctrine prohibits a party who induces error in the trial court from taking advantage of such error on appeal.State v. Woodruff (1983), 10 Ohio App.3d 326, 327.
In this instance, defendant's trial counsel endeavored to impeach Det. Zonar with the following question:
 The search warrant you got, because of this confidential reliable informant that you swore to and got a judge to sign?
(Tr. 399). Defendant's trial counsel also asked Zonar whether his representations to the judge resulted in the issuance of the search warrant. (Tr. 378). The state then sought introduction of the search warrant in order to demonstrate the additional grounds asserted in the affidavit for the search warrant. Therefore, because defendant's attorney did not accurately represent the manner in which the search warrant was obtained, the state was entitled to provide the jury with the actual allegations upon which the search warrant was obtained and defendant cannot assign as error the fact that hearsay was ultimately introduced by the state as rebuttal. State v. Jones (1996), 114 Ohio App.3d 306, 322.
In any event, prior to introduction of this exhibit, defendant's trial counsel outlined the contents of the search warrant during her cross-examination of Det. Zonar. (Tr. 400)
The third assignment of error is without merit.
Defendant's fourth assignment of error states:
 THE TRIAL COURT ERRED IN EXCLUDING TESTIMONY THAT LAFAYETTE HARRIS HAD ADMITTED OWNERSHIP OF THE DRUGS FOUND AT APPELLANT'S RESIDENCE.
Finally, defendant asserts that the trial court erred in refusing to permit his mother and Gregory Crayton to testify that Lafayette Harris, a homeless man who stayed at defendant's apartment (and invoked his Fifth Amendment rights at the trial) stated that the drugs were his.
Apart from the issue of whether Crayton would violate a privilege in connection with his relationship with Harris, there were, in our view, insufficient corroborating circumstances to indicate that the statement was trustworthy. Evid.R. 804(B)(3);State v. Sumlin (1994), 69 Ohio St.3d 105, 108; State v. Branham
(1995), 104 Ohio App.3d 355, 359.
In any event, we note that defendant did in fact elicit from Det. Zonar that Lafayette Harris had admitted ownership of the drugs and that Harris was, at the time of trial, in jail and awaiting sentencing on charges of drug possession. (Tr. 395) Additionally, defendant's mother was permitted to testify at length that Harris apologized to her for messing up their lives and bringing drugs into their house. (Tr. 471-478). Accordingly, the trial court's failure to allow defendant's mother to testify to the admission of possession was not prejudicial.
This assignment of error is without merit.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, J., AND CORRIGAN, J., CONCUR.
 ______________________________ ADMINISTRATIVE JUDGE ANN DYKE