The STATE of Ohio, Appellee,

v.

STAPLES, Appellant.

[Cite as *State v. Staples* (1993), 88 Ohio App.3d 359.]

Court of Appeals of Ohio,
Allen County.

No. 1–92–104.

Decided June 22, 1993.

*David E. Bowers,* Allen County Prosecuting Attorney, and *Gary E. Hermon,* Assistant Prosecuting Attorney, for appellee.

*Robert W. Kehoe,* for appellant.

---

SHAW, Judge.

Defendant-appellant, Walter Lee Staples, appeals the conviction and sentence entered against him in the Allen County Common Pleas Court, following a jury trial in which defendant was found guilty of two counts of aggravated drug trafficking within one thousand feet of the boundaries of a school premises.

On May 14, 1992, defendant was indicted for two counts of selling cocaine, a Schedule II controlled substance, in violation of R.C. 2925.03(A)(1). The charges stemmed from two controlled drug buys made by a confidential informant working with law enforcement officers. The indictment alleged, as to each count, that the offense occurred "on or about the 21st day of March, 1992." The indictment further alleged that the two transactions took place within one thousand feet of the boundaries of a school premises.

On May 22, 1992, defendant pled not guilty, and counsel was appointed to represent him. On August 10, 1992, the trial court ordered that trial be scheduled for September 28, 1992. On September 23, 1992, the state filed a motion to amend the indictment, pursuant to Crim.R. 7(D). Specifically, the state sought to change the date of the offense charged in Count One to "on or about the 17th day of March, 1992" and change the date in Count Two to "on or about the 20th day of March, 1992."

By judgment entry filed September 23, 1992, the trial court granted the state's motion to amend the indictment. On September 24, 1992, defendant filed a motion contra the state's motion to amend the indictment, and further moved to dismiss the indictment for the reason that the indictment did not inform defendant of the nature of the charge against him. A hearing on defendant's motion to dismiss was held on September 28, 1992, and defendant's motion was overruled by the trial court. The trial court also denied defendant a continuance.

A jury trial was held on September 28 and 29, 1992. The jury found defendant guilty of both counts as charged by the amended indictment. A sentencing hearing was held on November 6, 1992, and defendant was sentenced to three to fifteen years for each count, to be served consecutively, and was fined $1,500 for each count.

Defendant thereafter brought the instant appeal, raising the following three assignments of error:

"I.    The trial court denied the appellant his United States constitutional rights guaranteed to the appellant by the Fifth, Sixth and Fourteenth Amendment[s] to the United States Constitution and his Ohio constitutional rights guaranteed by Article I, Section 10 of the Ohio Constitution where the court forced the appellant to proceed to trial, overruled the appellant's motion to dismiss the indictment and refused a continuance of trial after allowing the State of Ohio to amend the indictment five (5) days before trial to change the date on the original indictment from two counts on a singular date to two counts on two new dates and when the new dates were not alleged in the original indictment, thereby failing to give the appellant fair notice of the charges against him to permit adequate preparation of his defense.

"II.    Appellant contends in the alternative, should this court decide not to review his appeal, that he was denied effective assistance of counsel warranting reversible error because he was prejudiced when his trial counsel failed to file or make oral motions for new trial pursuant to O.R.C. [sic] (7)(D) and O.R.C. 2941.30.

"III.    Where the State of Ohio failed to establish that the offender committed the offense within one thousand feet of the boundaries of a school premises, the trial court had no authority to sentence the appellant to indefinite sentences of three to fifteen years."

In his first assignment of error, defendant asserts that his constitutional rights were denied when the trial court permitted the state to amend the indictment and then overruled defendant's motion to dismiss.  Defendant further argues that the trial court's failure to grant a continuance abridged defendant's constitutional rights as defendant was unable to prepare a viable defense on such short notice.

Crim.R. 7(D) provides, in pertinent part:

"No action of the court in refusing a continuance or postponement under this subdivision is reviewable except after motion to grant a new trial therefor is refused by the trial court * * *."

The record in this case reveals that defendant made no written or oral motion for a new trial.  As such, we have no obligation to review defendant's arguments as to this issue.  However, had defendant properly preserved the issue for appeal, we would still find defendant's arguments to be without merit, for the following reasons.

First of all, a trial court may at any time before, during, or after a trial amend an indictment, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.  Crim.R. 7(D).  See, also, R.C.

2941.30. In this case, amending the indictment changed neither the name or the identity of the crime with which defendant was charged.

Furthermore, in cases where time is not of the essence of the offense, an indictment is not rendered invalid by the omission of the time at which the offense was allegedly committed. R.C. 2941.08(B). In the case before us, defendant was charged with aggravated drug trafficking. R.C. 2925.03 sets forth the essential elements of aggravated drug trafficking, and those essential elements do not include the date of the alleged offense.

Additionally, amending the indictment in this case involved changing the date of the first offense to March 17, 1992, and changing the date of the second offense to March 20, 1992. The original indictment did not allege that the offenses occurred precisely on March 21, 1992, but rather alleged that the offenses occurred "on *or about* the 21st day of March, 1992." (Emphasis added.) As such, the changes in date brought about by the amended indictment, a mere one-day and a four-day difference, are not inconsistent with the date as originally charged.

Finally, as to defendant's argument that amending the indictment resulted in inadequate time to prepare for trial, the record reveals that defense counsel, prior to the state filing the motion to amend, was privy to most, if not all, of the evidence that the state presented at trial. For instance, defendant's attorney had reviewed the audio tapes of the drug transactions, had interviewed the confidential informant, and had interviewed another main witness, the man whose home defendant used for the drug sales. We find that defendant's access to such evidence and witnesses, prior to the time the indictment was amended, made a continuance completely unnecessary at the point the indictment was amended.

In summary, for all of the reasons cited, we find that the trial court did not err in permitting the state to amend the indictment and that defendant was not prejudiced thereby. Accordingly, defendant's first assignment of error is overruled.

In his second assignment of error, defendant asserts that he was denied the effective assistance of counsel. Specifically, defendant argues that his trial counsel's failure to move for a new trial constitutes ineffective assistance of counsel, as this omission may have waived defendant's right to appeal the amendment of the indictment, pursuant to Crim.R. 7(D).

The test for determining whether a defendant was denied the effective assistance of counsel, as required by the Sixth Amendment, is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–

693. The defendant must show that counsel made errors so serious that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. The defendant must also demonstrate that the deficient performance prejudiced his defense, showing a reasonable probability that, but for counsel's mistakes, the result of the trial would have been different. *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697–698. Finally, a reviewing court must accord deference to defense counsel's strategic choices made during trial. *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

The standard in Ohio for determining the effectiveness of counsel is nearly identical to the *Strickland* standard. The test is "whether the accused, under all the circumstances * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. The reviewing court must determine whether an essential duty owed by defense counsel has been substantially violated and whether such violation prejudiced the defense. *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 497–498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154. Last of all, a properly licensed attorney in Ohio is presumed competent. *State v. Smith* (1985), 17 Ohio St.3d 98, 17 OBR 219, 477 N.E.2d 1128.

In the case *sub judice*, defense counsel may well have had a valid strategic basis for not seeking a new trial on defendant's behalf. Furthermore, assuming *arguendo* that the failure of defendant's attorney to move for a new trial does meet the first prong of the *Strickland* test, defendant has failed to establish that he was prejudiced by that omission. Specifically, as we have determined, *supra,* that defendant's first assignment of error lacks merit, we find that the actions of defendant's trial counsel did not result in prejudice to defendant. Moreover, a complete review of the record reveals that defendant did have a fair trial and we conclude that substantial justice was done. For all of these reasons, defendant's second assignment of error is overruled.

In his third assignment of error, defendant argues that his sentence was improper, as he asserts that the state failed to establish that defendant's drug trafficking occurred within one thousand feet of a school premises.

Defendant was sentenced pursuant to R.C. 2925.03(C)(1), now amended in form only, which then provided in pertinent part:

"Where the offender has violated division (A)(1) of this section, aggravated trafficking is a felony of the third degree, except that, * * * if the offender commits the offense * * * within one thousand feet of the boundaries of any school premises * * *, aggravated trafficking is a felony of the second degree."

In the case *sub judice*, the testimony of the confidential informant clearly established that both of the drug transactions occurred in the house or residence located at 554 South Elizabeth Street. The particular school at issue is Lima Senior High School, and defendant does not dispute the sufficiency of the evidence establishing that Lima Senior High School is a school premises as required by the statute. However, defendant argues that the state established only that the distance between the property line of 554 South Elizabeth Street and the property line of Lima Senior High School was 353.75 feet. Defendant asserts that the state failed to prove that the actual offenses were committed within one thousand feet of the school premises and that, therefore, the trial court should have sentenced defendant for a third degree felony, instead of for a felony of the second degree.

As noted, the state clearly established that the two offenses occurred in the residence at 554 South Elizabeth Street. The state then called Charles Follrod, the City Engineer, to testify. Upon direct examination by the prosecutor, the following exchange took place:

"Q. (by Mr. Bowers, prosecuting attorney): Mr. Follrod, were you asked to make a measurement or a determination of distance from a residence known as 554 South Metcalf to Lima Senior High School?

"A. (by Mr. Follrod): * * * I believe the street was Elizabeth Street.

" * * * *

"Q. * * * Yes, South Elizabeth?

"A. Yes, I was.

" * * * *

"Q. Okay. And, did you do that—

"A. Yes.

" * * * *

"Q. Okay. And, were you able to determine the distance from 554 South Elizabeth to Lima Senior High School?

"A. Yes. The distance from the property line to the property line of Senior High School was three hundred and fifty three point seven five feet."

Thus, the witness was asked specifically about the distance between the *residence* at 554 South Elizabeth and the premises of Lima Senior High School. The witness's response was that the distance was 353.75 feet from the property line of Lima Senior High School to "the property line."

We agree with defendant that this evidence is not as precise as it perhaps could have been. However, we do not agree that the testimony establishing the

distance to "the property line," in response to the state's question referencing the residence where the transactions did occur, was insufficient proof of the distance from the situs of the drug sales to the school premises at issue, particularly where that evidence went unchallenged by the defendant.

Once any testimony is properly introduced as to the distance from the location of the drug offense to the school boundaries, the issue becomes one of fact for the jury to determine upon the weight of the evidence. In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus, the Supreme Court of Ohio held:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

In this case, there was testimony relating to the distance between the situs of the drug sales and the boundaries of the school premises, which the jury could have relied on in finding defendant guilty as charged. Moreover, defendant did not challenge the sufficiency of the evidence as to this issue at trial by objection or motion, nor did defendant raise the issue at the subsequent sentencing hearing. To now speculate about alternative inferences that might be drawn from this testimony results in viewing the state's evidence in less than the most favorable light, which is contrary to *Jenks, supra.*

We therefore find that, in the absence of contradictory evidence, an average mind believing the only evidence provided could have found beyond a reasonable doubt that defendant's drug offenses did occur within one thousand feet of the boundaries of a school premises. Accordingly, defendant's third assignment of error is overruled.

In summary, as defendant's three assignments of error are found to be without merit, the judgment of conviction and the sentence entered in the Allen County Court of Common Pleas are affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.