OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Quisenberry, Appellee.
 [Cite as State v. Quisenberry (1994),      Ohio St.3d    .]
Criminal procedure -- R.C. 2937.99 requires court to impose a
     definite term of imprisonment for violation of R.C.
     2937.29.
R.C. 2937.99 requires the court to impose a definite term of
     imprisonment for a violation of R.C. 2937.29, an
     unclassified felony.
     (No. 93-888 -- Submitted April 27, 1994 -- Decided July
13, 1994.)
     Certified by the Court of Appeals for Hancock County, No.
5-92-17.
     Defendant-appellee, Scott A. Quisenberry, was convicted of
failing to appear for sentencing on a felony charge of burglary
after being released on his own recognizance, a violation of
R.C. 2937.29.  According to R.C. 2937.99(A), the offense is
subject to "not less than one nor more than five years" of
imprisonment.  The trial court interpreted this penalty
language to allow a definite sentence of between one and five
years.  Accordingly, the court sentenced appellee to a definite
sentence of two years.  Upon appeal, the Third Appellate
District affirmed.
     Finding its decision to be in conflict with the decision
of the Twelfth District Court of Appeals in State v. Hillis
(Oct. 12, 1992), Clermont App. No. CA92-04-045, unreported,
1992 WL 281087, the court of appeals certified the record of
the cause to this court for review and final determination.

     Robert A. Fry, Hancock County Prosecuting Attorney, for
appellant.
     Karen E. Elliott, for appellee.
     Donald W. White, Clermont County Prosecuting Attorney, and
David Henry Hoffmann, Assistant Prosecuting Attorney, urging
reversal for amicus curiae, Ohio Prosecuting Attorneys
Association.

     Francis E. Sweeney, Sr., J.   We are asked to decide
whether a violation of R.C. 2937.29 carries a definite or

indefinite sentence.  For the following reasons, we find R.C. 2937.99 requires the court to impose a definite term of imprisonment for a violation of R.C. 2937.29, an unclassified felony.  Accordingly, we affirm the judgment of the appellate court.

In reaching our holding today, we are guided by the requirement that penal laws "shall be strictly construed against the state, and liberally construed in favor of the accused."  R.C. 2901.04(A).  A definite term of imprisonment is more advantageous to a defendant because he does not have to appear before the parole board.  Once the sentence is served, the defendant is released and the state loses supervision over the defendant.

With this principle in mind, we now turn to the statutes involved.

Appellee was found guilty of violating R.C. 2937.29, which provides that:

"When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance.  A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code."

R.C. 2937.99, the statute we are asked to interpret, states:

"Whoever fails to appear as required, after having been released pursuant to section 2937.29 of the Revised Code, shall:

"(A) If the release was in connection with a charge of the commission of a felony * * * be * * * imprisoned in the penitentiary not less than one nor more than five years * * *."

The offense appellee was convicted of, failure to appear, is an unclassified felony.  See R.C. 2901.02(E).  However, a question remains as to whether the phrase "not less than one nor more than five years" denotes a definite or indefinite term.

R.C. 2937.29 and 2937.99 were first enacted in 1965 and have never been amended.  See 131 Ohio Laws 677.  When the General Assembly overhauled R.C. Title 29 in 1973, these two statutes were, for some reason, left untouched.  See 134 Ohio Laws, Part II, 1866.  As a result, R.C. 2739.29 and 2739.99 are now somewhat anomalous.  The felony is not classified by degree and the penalty is not described in language consistent with the rest of the Code.  Thus, by way of analogy, both parties direct our attention to R.C. 2929.11, which sets forth the penalties for felonies.

R.C. 2929.11(A) provides:

"Whoever is convicted of or pleads guilty to a felony other than aggravated murder or murder, except as provided in division (D), (E), or (H) of this section or section 2929.23 of the Revised Code, shall be imprisoned for an indefinite term * * *.1  The indefinite term of imprisonment shall consist of a maximum term as provided in this section and a minimum term fixed by the court as provided in this section.  * * *" (Emphasis and footnote added.)

The remainder of R.C. 2929.11 proceeds to provide penalties for felonies according to their degree.  But as mentioned earlier, the felony of which appellee was convicted has no degree--it is unclassified.  Therefore, R.C. 2929.11 is

inapplicable.  However, we look to it for guidance to determine the meaning of R.C. 2937.99.  We note that R.C. 2929.11 uses the words "minimum" and "maximum" in describing indefinite terms of incarceration.  Moreover, not a single subsection of R.C. 2929.11(B) omits these words when mandating an indefinite term.  Conversely, R.C. 2937.99, the controlling statute, makes no such reference to "minimum" and "maximum" terms.

Instead, we consider the definite penalties for nonviolent third and fourth degree felonies, which are provided in R.C. 2929.11(D), to be more analogous.  In discussing the definite penalties involved for these crimes, the General Assembly did not use the words "minimum" and "maximum."

Based on the foregoing, we construe R.C. 2937.99(A) to mean that the trial court shall impose a definite sentence of at least one year but no greater than five years.  A two-year definite sentence falls within the parameters of the statutory language and, thus, is appropriate.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick and Pfeifer, JJ., concur.

Wright, J., dissents

Footnote:
1.  R.C. 5145.01 allows for the imposition of definite or indefinite sentences.

Wright, J., dissenting.   R.C. 2937.29, which makes failing to appear a criminal offense, and R.C. 2937.99, which sets forth the penalty for failing to appear, were both enacted in Am. Sub. H.B. No. 47 in 1965.  131 Ohio Laws 677.  At the time these two provisions were added to the Revised Code, former R.C. 5145.01 required courts to make sentences "general and not fixed or limited in their duration," 129 Ohio Laws 1194, which means that from the outset it was indisputable that a violation of R.C. 2937.29 carried an indefinite sentence.

Because the original meaning of R.C. 2937.99 is clear, there is simply no need to resort to analogous provisions of the Revised Code to determine its present meaning.  Instead, we need only determine whether the General Assembly has amended the Revised Code since 1965 sufficient to warrant a change in the meaning of R.C. 2937.99, i.e., sufficient to conclude that the statute now carries a definite sentence.  No such amendments have been enacted.

The statute at issue, R.C. 2937.99, itself certainly has not been amended.  The present version is the same as the original enactment.  Other penalty and sentencing provisions of the Revised Code have been amended since 1965 -- some substantially -- but none of the amendments have affected R.C. 2937.99.  For example, R.C. Title 2929, overhauled in 1973, as the majority correctly points out, left R.C. 2937.99 "untouched."  R.C. 5145.01 was amended in 1983 to give courts the option of making sentences "either indefinite or definite in their duration," 140 Ohio Laws, Part I, 612-613, but this option does not require the conclusion that R.C. 2937.99 now carries a definite sentence.  In other words, the type of sentence imposed under R.C. 2937.99 does not have to flip from indefinite to definite merely because the option of doing so is now available.  An indefinite sentence can still be imposed.

In short, I do not believe the General Assembly's inaction

with regard to R.C. 2937.99 combined with its action with regard to analogous provisions of the Revised Code means that R.C. 2937.99 now carries a definite sentence.  Instead, the General Assembly's inaction has simply left the meaning of R.C. 2937.99 undisturbed.  To hold otherwise means that we are, in effect, picking up the process of revising the sentencing provisions of the Revised Code where we assume the General Assembly inadvertently left off.

For the foregoing reasons, I would reverse the court of appeals and hold that R.C. 2937.99 requires a court to impose an indefinite sentence of one to five years.  Accordingly, I respectfully dissent.