The STATE of Ohio

v.

BUSH.

Court of Common Pleas of Ohio, Miami County.

No. 96CR162.

Decided Oct. 17, 1996.

*Jane O. Skogstrom,* Miami County Assistant Prosecuting Attorney, for plaintiff.

*Richard S. Davis,* for defendant.

JEFFREY M. WELBAUM, Judge.

This matter came on for the court's consideration upon the motion of the state of Ohio filed August 27, 1996 to amend the indictment. The court held a hearing on the state's motion on September 23, 1996. The defendant and his attorney, Richard S. Davis, were present. Assistant Prosecuting Attorney Jane O. Skog-

strom represented the state of Ohio. The parties were granted leave to file their post-hearing memoranda on or before September 30, 1996. On October 7, 1996, the state filed a response to defendant's oral objection on the motion to amend indictment. The defendant did not file a post-hearing memorandum, nor did he move to strike the state's untimely response.

The circumstances surrounding the amendment as proposed by the state are most unusual. There are no other cases directly on point in Ohio.

The motion seeks leave to amend the indictment to shorten the time period of the offense alleged. Presently, the indictment filed July 22, 1996, alleges a violation of the offense of nonsupport in violation of R.C. 2919.21(A)(2) committed from on or about December 9, 1991 through July 12, 1996. The state seeks leave to amend the indictment to shorten the time period, ending June 30, 1996.

This apparently simple issue becomes complicated because the penalty and degree of offense of this charge were changed effective July 1, 1996 by Amended Substitute Senate Bill No. 2 (hereinafter referred to as "Senate Bill 2"). This offense is a felony of the fourth degree for offenses committed on or prior to June 30, 1996. Under the prior law, the offense carries a potential sentence of a minimum of six months to a maximum of eighteen months in a state penal institution and up to a $2,500 fine, or both. For offenses committed on or after July 1, 1996, this offense was downgraded by Senate Bill 2 to a felony of the fifth degree. Under the new law, the offense is punishable by a sentence of a minimum of six months to a maximum of twelve months and up to a $2,500 fine, or both. Consequently, at present, the defendant is charged with a felony of the fifth degree, since the state charged the defendant with a violation that continued beyond June 30, 1996. The state's motion to amend the indictment would, if granted, increase the penalty and level of offense from a felony of the fifth degree under the law now in effect to a felony of the fourth degree under the prior law.

During the hearing held on the state's motion, the defendant orally cited *State v. Quisenberry* (1994), 69 Ohio St.3d 556, 634 N.E.2d 1009, for the proposition that criminal law is strictly construed against the state and liberally construed in favor of the defendant as required by R.C. 2901.04(A). The state's memorandum directs the court to *State v. Staples* (1993), 88 Ohio App.3d 359, 623 N.E.2d 1313. That case held that where time is not of the essence of the offense, an indictment is not rendered invalid by even the omission of the time of the offense within the indictment. Everyone is in agreement that Crim.R. 7(D) allows amendments to indictments as long as the name and identity of the offense remain the same.

The court must decide three issues. First, whether the name and identity of the offense would remain the same by the amendment proposed if the state's motion were granted under Crim.R. 7(D). The second issue is whether the language may be deleted as surplusage pursuant to Crim.R. 7(C). Finally, the

court must answer whether the amendment should be allowed in any event because it would not be prejudicial to the defendant. In resolving these questions, the court is required to interpret all penal laws strictly against the state and liberally in favor of the accused. *State v. Quisenberry, supra;* R.C. 2901.04(A).

In determining whether the identity of the crime would be changed to permit an amendment under Crim.R. 7(D), the Ohio Supreme Court found it determinative whether the penalty or degree of the offense would be increased as a result of the amendment. *State v. O'Brien* (1987), 30 Ohio St.3d at 127, 30 OBR at 440–441, 508 N.E.2d at 148–149. In *O'Brien, supra,* at 126, 30 OBR at 439, 508 N.E.2d at 147, the Supreme Court stated:

"Both before and after the amendment of the indictment, the name of the crime remained the same: endangering children. Likewise, the identity of this crime was not changed by the addition of 'recklessness' to the indictment. *Neither the penalty nor the degree of the offense was changed as a result of the amendment.* Since the addition of the culpable mental state of 'recklessness' did not change the name or identity of the crime of endangering children, the amendment was proper pursuant to Crim.R. 7(D)." (Emphasis added.)

In *State v. Bell* (May 26, 1994), Cuyahoga App. No. 65356, unreported, 1994 WL 236228, the Cuyahoga County Court of Appeals followed *State v. O'Brien,* and reversed a lower court that permitted the state to add the specification of "serious physical harm" to one count of the indictment. The amendment increased the level of the charge from a misdemeanor to a felony. The court stated:

"As indicated by the above language of *O'Brien,* an amendment which effectively increases the severity of the offense charged changes the identity of the charged offense and, consequently, is prohibited by Crim.R. 7(D). Accordingly, the part of appellant's first assignment of error pertaining to Count 5 is well taken, and the appellant's conviction with respect to Count 5 is hereby reversed."

These cases are easier to resolve because they deal with whether the state could amend the charging instrument by adding an element or specification not alleged by the grand jury. These cases are in accord with others prohibiting additive amendments to indictments. *State v. Woody* (1986), 29 Ohio App.3d 364, 29 OBR 493, 505 N.E.2d 646; *State v. Vitale* (1994), 96 Ohio App.3d 695, 645 N.E.2d 1277. Here, however, the state seeks to shorten the time period which the grand jury determined the crime was probably committed.

In the present situation, as a result of the change in the level of offense effective July 1, 1996, the time period of the offense alleged is of the essence of the offense because the time period alleged extends beyond the effective date of

Senate Bill 2, thereby increasing the penalty and level of offense. *State v. Staples, supra.* An amendment that increases the penalty or degree of the offense changes the identity of the offense. *State v. O'Brien, supra.* In *Akron v. Jaramillo* (1994), 97 Ohio App.3d 51, 53, 646 N.E.2d 212, 213–214, the court held that Crim.R. 7(D) allows some changes in a criminal complaint, but "flatly forbids the court to change the name or identity of the crime charged."

In finding the state was prejudiced by the amendment reducing the offense from driving under the influence to reckless operation, the court in *Jaramillo* stated at 54, 646 N.E.2d at 214: "The trial court did not just abuse its discretion when it granted Jaramillo's motion to amend the complaint; it had no discretion to do so at all." The limits of elasticity of the indictment by amendment under Crim.R. 7 apply equally to contraction as expansion.

█ Since the amendment may not be granted under Crim.R. 7(D), the two related matters must be considered. First, is the language at issue surplusage under Crim.R. 7(C)? This rule provides that surplusage may be stricken from the indictment or information on motion of the state or the defendant. At first blush, several cases appear possibly to support the state's motion to allow the language to be stricken as surplusage. The term "surplusage" as it relates to charging instruments in criminal cases has been defined as an averment which may be stricken, leaving sufficient description of the offense. *State ex rel. Leichner v. Alvis* (App.1952), 65 Ohio Law Abs. 420, 114 N.E.2d 861; *Goode v. State* (1910), 17 Ohio C.C.(N.S.) 195, 42 Ohio C.C. 102; *State v. Decker* (1852), 1 Ohio Dec.Rep. 527. It has been held that surplusage may be deleted from an indictment when it relates to allegations concerning the time of the commission of the offense beyond one particular time by using a continuando, where there is no assertion of any right under the provision to treat each day's violation as an independent offense. *Arnsman v. State* (1908), 11 Ohio C.C.(N.S.) 113, 30 Ohio C.C. 445. The Ohio Supreme Court held that where an offense is distinctly charged as having been committed on a particular day, a general averment that similar offenses were committed on other days and times may be rejected as surplusage. *Griffin v. State* (1862), 14 Ohio St. 55, 61. Although these cases define the term, they do so in the context of whether removal of the language or lack of proof thereof affected the validity of the indictment or the conviction.

These cases are distinguishable. They do not involve removal of language that increased the punishment or degree of the offense. The court finds that where the language in the indictment which the state seeks to delete by way of the proposed amendment adds to the force and legal effect of the instrument by lowering the punishment or degree of the offense, the language is not surplusage that may be stricken under Crim.R. 7(C).

■ Finally, should the amendment be allowed, since the defendant would be in no way prejudiced? After all, the grand jury made the subsumed findings sufficient to charge the higher crime. Crim.R. 52(A) provides: "Any error, defect, irregularity, or variance which does not affect the substantial rights shall be disregarded."

Crim.R. 33(E) provides:

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"(1) An inaccuracy or imperfection in the indictment, information, or complaint, provided that the charge is sufficient to fairly and reasonably inform the defendant of all the essential elements of the charge against him."

Crim.R. 1(B) provides that the Criminal Rules are intended to "provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay."

Notwithstanding these general, overriding principles, trial courts have been repeatedly reversed for permitting amendments in violation of Crim.R. 7 even where the defendant could not demonstrate any prejudice. In *State v. Jackson* (1992), 78 Ohio App.3d 479, 605 N.E.2d 426, the Court of Appeals for Clark County ruled that an amendment that changed the name or identity of the offense alleged was reversible error, regardless of whether the defendant could demonstrate prejudice as a result of the amendment. Likewise, the Court of Appeals for Butler County held that a trial court is flatly prohibited from allowing a uniform traffic ticket to be amended in violation of Crim.R. 7(D). The fact that a defendant cannot demonstrate prejudice flowing from the amendment, which is flatly prohibited from the rule, does not cure the reversible error committed. *Middletown v. Blevins* (1987), 35 Ohio App.3d 65, 519 N.E.2d 846. Other courts have reversed amendments made in violation of Crim.R. 7(D), which arguably benefited the defendants by reducing the crime alleged. *State v. West* (1988), 52 Ohio App.3d 110, 557 N.E.2d 136; *State v. Taylor* (1982), 8 Ohio App.3d 20, 8 OBR 21, 455 N.E.2d 1011. The court is without authority to permit the amendment even though the defendant is not able to demonstrate prejudice.

Accordingly, the state's motion for leave to amend the indictment is not well taken and is hereby denied. To increase the level of the penalty and degree of offense, a new indictment must be returned.

IT IS SO ORDERED.

*Judgment accordingly.*