OPINION
The defendant-appellant, Robert McCray ("the appellant"), appeals the jury verdict finding him guilty of four counts of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1), and two counts of permitting drug abuse, in violation of R.C. 2925.13(A). For the following reasons, we affirm the appellant's convictions.
In the Winter of 1993-94, the Multi-Area Narcotics Task Force ("Task Force") conducted an undercover drug investigation utilizing a confidential informant to contact the appellant for the purpose of purchasing illegal narcotics. For each transaction, a recording device was placed on the informant's person or in his home. The informant also was searched, placed under surveillance, and supplied with purchase money. Prior to each purchase, the Task Force photocopied the money to track the subsequent transfer and movement of funds.
The specific incidents which lead to the appellant's arrest and convictions are as follows. On two separate occasions on November 24, 1993, the Task Force observed and videotaped the appellant visit the informant's apartment located at 352 Rosewood Avenue, Defiance, Ohio.[1] During both visits, the appellant allegedly sold cocaine to the informant.
On the morning of December 2, 1993, the Task Force observed the informant visit the appellant's residence located at 305 Carter Avenue. While there, the informant allegedly purchased cocaine from the appellant. Later that afternoon, the Task Force observed and videotaped the appellant visit the informant's apartment, where he allegedly sold cocaine to the informant. Also, on January 13, 1994, the appellant allegedly visited the informant's apartment for the purpose of selling him cocaine.
In March 1995, the appellant was indicted by the Defiance County Grand Jury on five counts of aggravated trafficking in drugs and two counts of permitting drug abuse.[2] The appellant was tried before a jury which found him guilty of four counts of aggravated trafficking in drugs pursuant to R.C.2925.03(A)(1)[3] and two counts of permitting drug abuse pursuant to R.C. 2925.13.[4] The appellant was sentenced to a minimum term of four years in prison, to a maximum term of imprisonment of sixteen years.[5]
The appellant now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the prejudice of Defendant/Appellant by permitting the jury to determine whether drugs were sold within one thousand feet of a school property, and the jury's verdict on this issue was unsupported by the weight of the evidence.
 In his first assignment of error, the appellant sets forth numerous arguments for our review. They are, as follows: (1) the jury's finding that the appellant had sold drugs within one thousand feet of school premises was against the manifest weight of the evidence, (2) the jury's finding that the appellant had sold drugs within one thousand feet of school premises was against the sufficiency of the evidence; (3) the State of Ohio failed to establish a proper foundation for the admission of testimony relating to an aerial photograph; and (4) the trial court erred in allowing Deborah Simmons to testify as an expert witness. For the following reasons, we find no merit to the appellant's arguments.
In the case herein, the appellant was indicted, in part, on four counts of aggravated drug trafficking within one thousand feet of the boundaries of a school. The appellant maintains the State had failed to establish that, as to counts one, three, and five of the indictment, the drug trafficking had occurred within one thousand feet of school premises.[6]
Former R.C. 2925.03[7] provided, in pertinent part, as follows:
(A) No person shall knowingly do any of the following:
 (1) Sell or offer to sell a controlled substance in an amount less than the minimal bulk amount[.]
R.C. 2925.03 further provided, in pertinent part, as follows:
 (C)(1) Where the offender has violated division (A)(1) of this section, aggravated trafficking is a felony of the third degree, except that aggravated trafficking is a felony of the second degree, if any of the following apply:
 (a) The offender commits the offense * * * within one thousand feet of the boundaries of any school premises[.]
In his brief, the appellant argues that the State offered little or no evidence that there was a school within one thousand feet of the informant's apartment. Therefore, the appellant contends that the verdicts rendered against him were against the sufficiency and manifest weight of the evidence. We must make two distinct inquiries since issues regarding sufficiency of the evidence and weight of the evidence are resolved through the use of two different standards. State v.Thompkins (1997), 78 Ohio St.3d 380.
The term "sufficiency of the evidence" is defined, as follows:
 '[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.
 Id. at 386-87. In making such a determination, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The proper standard to employ when considering the argument that a conviction was against the manifest weight of the evidence has been set forth as follows:
 The [appellate] court, [after] reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [fact-finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Thompkins (1997), 78 Ohio St.3d at 387, citing State v. Martin
(1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain manifest weight arguments only in the most extraordinary cases. Thompkins, 78 Ohio St.3d at 387.
After reviewing the evidence, we cannot say as a matter of law that any rational trier of fact could not have found the essential elements of the crime proved beyond a reasonable doubt or that the trier of fact clearly lost its way and created a manifest miscarriage of justice.
At trial, Deborah Simmons, a tax map drafter employed by Defiance County, testified that the Lexington Apartment complex, the alleged location of four of the purported drug sales completed by the appellant, is located within one thousand feet of school premises. In particular, Simmons testified that the property line of the apartment complex is located 550 feet from the property line of the Defiance High School.[8] Simmons also testified that the property line of the apartment complex is located approximately 650 feet from the property line of the Grace Academy, a church that also offers classes in elementary education. It is well established that once any testimony is introduced as to the distance from the location of the drug offense to the school boundaries, the issue becomes one of fact for the jury to determine upon the weight of the evidence. Statev. Staples (1993), 88 Ohio App.3d 359, 366.
In the case herein, we find sufficient evidence in the record to demonstrate that the drug transactions took place within one thousand feet of school premises. Thus, we cannot say that the verdicts rendered against the appellant were against the sufficiency or manifest weight of the evidence.
Next, the appellant maintains that the State had failed to establish a proper foundation for the admission of testimony relating to an aerial photograph depicting the locations of the alleged drug transactions. For the following reasons, we conclude that the evidence in question was properly authenticated.
In his brief, the appellant argues that the trial court erred in allowing Deborah Simmons to testify regarding the photograph on the basis that it was not properly authenticated prior to her testimony. It is well-settled that the admission of photographic evidence is left to the discretion of the trial court. State v.Awkal (1996), 76 Ohio St.3d 324, 333. A photograph is not objectionable if it is properly identified, is relevant and competent, and is an accurate representation of the scene which it portrays. A proper foundation is required in which there must be testimony that the photograph is a fair and accurate representation of that which it is purported to be. See Heldmanv. Uniroyal, Inc. (1977), 53 Ohio App.2d 21, 31, citing State v.Hill (1967), 12 Ohio St.2d 88, 90.
Although the photograph was never offered into evidence[9], Simmons did testify at trial that it was an aerial depiction of the locations of the alleged drug transactions, as well as the immediate surrounding area. She also testified that the photograph had accurately reflected the structures and property lines to within one or two feet. Because we find her testimony satisfies the general requirement of Evid.R. 901 wherein a proponent must testify that the photograph in question accurately reflects the condition of the matter depicted to be admitted as evidence at trial, we find that the photograph was properly authenticated for purposes of eliciting testimony in regard to it.
Next, the appellant challenges Simmons' testimony on the basis that she was not qualified to testify as an expert. Thus, we must examine whether the trial court erred in qualifying her as an expert witness. A review of the transcript of the trial reveals that over the appellant's objection, the trial court concluded that Simmons was qualified as an expert to testify to matters regarding the aerial photograph.
We are to apply an abuse of discretion standard when reviewing a trial court's decision regarding an expert witness' testimony.Kumho Tire Co., Ltd. v. Carmichael (1999), 526 U.S. 137; GeneralElec. Co. v. Joiner (1997), 522 U.S. 136; State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion exists where the trial court's decision was unreasonable, arbitrary or unconscionable. Id.
A witness may testify as an expert if the testimony relates to matters beyond the knowledge or experience possessed by lay persons. Evid.R. 702(A). Additionally, an expert witness must possess specialized knowledge, skill, experience, training, or education regarding the subject matter of the expert testimony. Evid.R. 702(B). The expert's testimony also must be based on reliable, scientific, technical, or other specialized information. Evid.R. 702(C).
In the case herein, Simmons testified to a matter beyond the knowledge or experience possessed by lay persons. Simmons offered sufficient evidence of her knowledge, training, and skill relating to aerial photographs. Furthermore, she testified that she had earned a Bachelor of Science degree in design from Bowling Green State University. Thus, her testimony was based upon reliable, technical information. In conclusion, we find that the trial court did not abuse its discretion when it simply qualified Simmons as an expert witness, under Evid.R. 702, to testify to matters regarding the aerial photograph.
For all of the foregoing reasons, the appellant's first assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in failing to grant the motion of Defendant/Appellant, Robert McCray, for an order suppressing evidence acquired through the use of a hidden microphone and tape recording device.
 In his second assignment of error, the appellant maintains that the trial court erred in denying his motion to suppress. Specifically, the appellant challenges the admissibility of the audio tape recordings on the basis that they were recorded without consent, in direct contravention of R.C. 2933.62. Thus, the appellant argues that the conversations were obtained in violation of his rights under Ohio's wiretap laws. For the following reasons, we do not agree.
Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact. United States v.Martinez (C.A.11, 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. See, e.g., State v. Carter (1995),72 Ohio St.3d 545, 552; State v. Mills (1992), 62 Ohio St.3d 357,366, certiorari denied (1992), 505 U.S. 1227, citing State v.Fanning (1982), 1 Ohio St.3d 19, 20. The weight of the evidence is also primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus; State v. Smith
(1997), 80 Ohio St.3d 89, 105; State v. Brooks (1996), 75 Ohio St.3d 148,154; Fanning, 1 Ohio St.3d at 20.
A reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. State v. Anderson (1995),100 Ohio App.3d 688, 691. That is, we must review the trial court's application of the law de novo. Id.
R.C. 2933.62(A) provides, in pertinent part, as follows:
 No part of the contents, and no evidence derived from the contents, of any intercepted wire, oral, or electronic communication shall be received in evidence in any trial * * * before any court * * * if the disclosure of that information is in violation of sections 2933.51 to 2933.66
of the Revised Code.
 R.C. 2933.63(A) allows any "aggrieved person" to request the trial court "to suppress the contents, or evidence derived from the contents, of a wire, oral, or electronic communication intercepted pursuant to sections 2933.51 to 2933.66 of the Revised Code" if, among other reasons, "[t]he communication was unlawfully intercepted." R.C. 2933.63(A)(1). An "aggrieved person" is "a person who was a party to an intercepted wire, oral, or electronic communication or a person against whom the interception of the communication was directed." R.C. 2933.51(J).
R.C. 2933.52(A)(1) provides that "[n]o person purposely shall * * * [i]ntercept, attempt to intercept, or procure another person to intercept or attempt to intercept a wire, oral, or electronic communication[.]" R.C. 2933.52(B)(4) provides that the prohibitions contained in division (A) do not apply to the following person(s):
 A person who is not a law enforcement officer and who intercepts a wire, oral, or electronic communication, if the person is a party to the communication or if one of the parties to the communication has given the person prior consent to the interception, and if the communication is not intercepted for the purpose of committing a criminal offense or tortious act in violation of the laws or Constitution of the United States or this state or for the purpose of committing any other injurious act[.]
In the case herein, the appellant argues that the informant did not voluntarily agree or consent to the placement of a recording device on his person or in his home. The appellant argues that the informant, in exchange for his cooperation, was coerced into utilizing a recording device. By doing so, the appellant alleges that the informant did not give his consent and the recordings were inadmissible pursuant to R.C.2933.62(A). We do not agree. The informant in this case testified at trial that in exchange for his cooperation he had consented to the placement of a recording device on his person or in his home. Therefore, the trial court did not err in overruling the appellant's motion to suppress. For the foregoing reasons, we find that the appellant's assignment of error is without merit.
Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred in that the verdict of the jury finding Defendant/Appellant guilty of Counts I-VI was against the manifest weight of the evidence.
 In his third and final assignment of error, the appellant maintains that the State of Ohio failed to prove its case, in counts one through six of the indictment, beyond a reasonable doubt. Specifically, the appellant maintains that the guilty verdicts were against the manifest weight of the evidence. For the following reasons, we do not agree.
In his brief, the appellant contends that the evidence introduced at trial does not support his convictions. The State claims that the jury had more than enough evidence to convict the appellant on each of the six counts.
After reviewing the evidence, we cannot say as a matter of law that the trier of fact clearly lost its way and created a manifest miscarriage of justice as the evidence introduced at trial clearly established that the appellant had, on four separate occasions, knowingly sold a controlled substance to an informant in violation of R.C. 2925.03(A)(1). Specifically, the testimony of numerous members of the Task Force, the informant, as well as the videotape and audiotape recordings of the drug transactions clearly established the appellant's guilt, as to each charge, beyond a reasonable doubt.
We also cannot say that the trier of fact clearly lost its way and created a miscarriage of justice as the evidence introduced at trial clearly established that the appellant had, on two occasions, knowingly permitted the vehicle he was operating to be used for the commission of a felony drug abuse offense in violation of R.C. 2925.13(A).[10] Both Lieutenant Wood of the Defiance County Sheriff's Department and Sergeant Charles Carroll of the Defiance County Police Department testified that on the morning of November 24, 1993, they had observed the appellant operate a vehicle to and from the informant's apartment for the purpose of selling drugs to the informant. Lieutenant Wood also testified that on the afternoon of December 2, 1993, he had observed the appellant operate the same vehicle to and from the informant's apartment for the purpose of selling drugs to the informant. Therefore, the evidence clearly established the appellant's guilt as to each charge beyond a reasonable doubt.
For all of the foregoing reasons, we cannot say that the appellant's convictions on counts one through six of the indictment were against the manifest weight of the evidence.
Accordingly, the appellant's third and final assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
SHAW and WALTERS, JJ., concur.
[1] The informant resided in Apartment No. 22, of the Lexington Apartments.
[2] Counts one, three, five, and seven (aggravated trafficking in drugs) each carried with it a specification that the offense was committed within one thousand feet of a school, and thus are felonies of the second degree. Counts two and six (permitting drug abuse) are felonies of the fourth degree. Count four (aggravated trafficking in drugs) is a felony of the third degree.
[3] Specifically, the jury returned guilty verdicts on counts one, three, four, and five of the indictment.
[4] Specifically, the jury returned guilty verdicts on counts two and six of the indictment. The jury was unable to reach a unanimous verdict as to count seven of the indictment.
[5] The appellant also was ordered to pay restitution in the amount of $620.
[6] Because the jury was unable to reach a verdict as to count seven of the indictment, we need not address that charge.
[7] Effective September 30, 1993.
[8] The appellant does not dispute that Defiance High School or the Grace Academy is a school premises as required by statute.
[9] In his brief, the appellant erroneously states that the photograph was admitted into evidence at trial.
[10] R.C. 2925.13(A), the statute in effect at the time of the alleged drug transactions, stated, in pertinent part, that "[n]o person who is the * * * operator * * * in charge of a * * * vehicle * * * shall knowingly permit the vehicle to be used for the commission of a felony drug abuse offense."