OPINION
{¶ 1} This is an appeal from the judgment of the Paulding County Court of Common Pleas which found Defendant-Appellant, Chad Dunderman, guilty of domestic violence.
 {¶ 2} At approximately 10:30 p.m. on July 14, 2002, Appellant's wife, Heather Dunderman, knocked on her neighbors, the Leiningers', door. The neighbors stated that Heather was very upset and stated that Appellant had hit her. Leiningers' noticed that Heather was bleeding from her nose and that her lower lip was puffy. Thereafter, Mrs. Leininger helped clean up Heather's face while Mr. Leininger called the Paulding County Sheriff's Department. A deputy was sent to the Leininger home and observed Heather with a small amount of blood on her face and blood on her clothes. He also observed a small cut or bruise on Heather's lower lip and a bruising and redness on the bridge of her nose.
 {¶ 3} Subsequently, Heather went to the hospital where she was examined by a physician. While the radiology report stated that Heather's nose was not broken, the emergency room physician noted that she had bruising and that her nose and mouth were swollen and tender. Additionally, the radiology report noted an area of cephalohematoma, or blood cyst overlying her frontal region.
 {¶ 4} On September 13, 2002, Appellant was indicated on one count of Domestic Violence, pursuant to R.C. 2919.25(A). The indictment alleged, Chad M. Dunderman, did knowingly cause or attempt to causephysical harm to Heather K. Dunderman, a family or household member; ChadM. Dunderman having previously been convicted of Menacing in case#CR-01-1596 in the Municipal Court of Defiance, Ohio, On March 7, 2002,in violation of section 2919.25(A) of the Ohio Revised Code and againstthe peace and dignity of the State of Ohio (Domestic Violence) a felonyof the fifth degree.
 {¶ 5} On November 25, 2002, a jury trial was held. At the close of the evidence, the trial court instructed the jury "If your verdict is guilty, you will separately determine whether the defendant was previously convicted of menacing involving a family member." The jury found Appellant guilty of committing domestic violence as described in the indictment and found that Appellant "was previously convicted of menacing" supporting the elevation of the conviction to a fifth degree felony. Consequently, on January 6, 2003, Appellant was sentenced to eleven months in prison. Appellant now appeals asserting six assignments of error.
 First Assignment of Error
The trial court erred when [sic] denied Appellant's motion to dismiss due to an error in the indictment.
 {¶ 6} Appellant argues that the indictment against him should have been dismissed because the indictment reflected that the incident occurred on July 16, 2002 when the incident really occurred on July 14, 2002.
 {¶ 7} Crim.R.7(D) provides, in pertinent part: "The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." In interpreting the foregoing language, the Ohio Supreme Court has held that "[a]n indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment." State v. O'Brien (1987),30 Ohio St.3d 122, paragraph two of the syllabus. Furthermore, in cases where time is not of the essence of the offense, an indictment is not rendered invalid by the omission of the time at which the offense was allegedly committed. State v. Staples (1993), 88 Ohio App.3d 359; R.C.2941.08(B).
 {¶ 8} In this case, the indictment stated that Appellant committed an act of domestic violence "on or about the 16th day of July, 2002." Certainly, July 14, 2002 fits within the category of "on or about." SeeStaples, supra. (finding that "on or about" included a date four days prior). Furthermore, time is not of the essence in this case and the amendment did not change the name or the identity of the crime with which defendant was charged. Consequently, Appellant's first assignment of error is overruled.
 {¶ 9} Next we will address the third assignment of error.
 Third Assignment of Error
The jury's verdict was against the manifest weight of the evidence.
 {¶ 10} In reviewing whether the verdict was against the manifest weight of the evidence, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Adkins (Sept. 24, 1999), Hancock App. No. 5-97-31, 1999 WL 797144; State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 11} Appellant was convicted of domestic violence under R.C.2919.25(A) which provides that "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Appellant's central argument under this assignment of error, is that Heather gave several inconsistent statements at trial which proves that she lied about Appellant striking her. First we would note that examining the credibility of the witnesses is in the purview of the jury. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. However, even considering any inconsistencies in Heather's testimony, several other witnesses testified at trial. As stated above, The Leiningers testified that Heather came to their door upset stating that Appellant had hit her and that Heather was bleeding from her nose and that her lower lip was puffy. Additionally, the investigating officer who was sent to the Leininger home testified that he observed Heather with a small amount of blood on her face and blood on her clothes. He also testified that he observed a small cut or bruise on Heather's lower lip and a bruising and redness on the bridge of her nose. Furthermore, while the radiology report noted that Heather's nose was not broken, the emergency room physician noted that she had bruising and that her nose and mouth were swollen and tender.
 {¶ 12} To support his position, Appellant relies only upon his own self-serving testimony and the testimony of his mother and grandmother regarding Heather's propensity to be violent and to bruise easily to demonstrate that he did not hit Heather on this particular occasion. Furthermore, Appellant dwells on Heather's unsupported claim that Appellant broke her nose to bolster his case. However, the State was only required to show that Appellant inflicted or attempted to inflict physical harm which is defined as "any injury, illness or other physiological impairment, regardless of its gravity or duration." R.C.2901.01(A)(3). Based on the evidence presented at trial, we cannot find that the jury clearly lost its way in finding beyond a reasonable doubt that Appellant knowingly caused or attempted to cause physical harm to a family or household member. Consequently, Appellant's third assignment of error is overruled.
 {¶ 13} Next, we will address the fourth assignment of error.
 Fourth Assignment of Error
The trial court committed plain error by allowing the prosecutor to cross-examine the Appellant on his post arrest silence in violation of the Fifth Amendment.
 {¶ 14} The Fifth Amendment guarantees an accused the right to remain silent during his criminal trial and prevents the prosecution from commenting on the silence of a defendant who asserts the right. Griffinv. California, 380 U.S. 609, 614, 85 S.Ct. 1229, 1232. However, the Fifth Amendment is not violated when a defendant who testifies in his own defense is impeached with his pre-arrest, pre-Miranda silence. Jenkinsv. Anderson (1980), 447 U.S. 231, 235. State v. Geboy, 145 Ohio App.3d 706,714, 2001-Ohio-2214.
 {¶ 15} Appellant argues that it was plain error for the state to question him regarding his alleged post-arrest silence as to any injuries he claims that he sustained from his wife. Specifically, the State cross-examined Appellant at trial about his prior failure to tell the investigating office that Heather had allegedly hit him with a curtain rod. However, at the time of Appellant's silence on this subject, he was not under arrest or in custody, rather he and the investigating officer were involved in a telephone call which Appellant initiated prior to any Miranda warnings or the appellant's arrest. Moreover, as Appellant voluntarily took the witness stand in his own defense, the state was permitted to impeach Appellant with his pre-arrest silence. Consequently, we cannot find any error to support Appellant's assertion of plain error and his fourth assignment of error is overruled.
 {¶ 16} Next, we will address the second and sixth assignments of error.
 Second Assignment of Error
The State failed to present sufficient evidence for a jury to find that the Appellant had previously been convicted of domestic violence beyond a reasonable doubt.
 Sixth Assignment of Error
The trial court erred when it imposed more than the minimum sentence.
 {¶ 17} While appellant concedes that he failed to make a Crim.R. 29 motion for acquittal at trial challenging the sufficiency of the State's evidence, he now claims that plain error occurred in the trial court's failure to dismiss part of the charge at the close of the state's case-in-chief. In order to have plain error under Crim.R. 52(B) there must be an error, the error must be an "obvious" defect in the trial proceedings and the error must have affected "substantial rights." Statev. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id.
 {¶ 18} Appellant argues that the State failed to produce sufficient evidence to support the evaluation of his domestic violence conviction from a first degree misdemeanor to a fifth degree felony. The Ohio Supreme Court has set forth the sufficiency of the evidence test as follows: An appellate court's function when reviewing the sufficiency ofthe evidence to support a criminal conviction is to examine the evidenceadmitted at trial to determine whether such evidence, if believed, wouldconvince the average mind of the defendant's guilt beyond a reasonabledoubt. The relevant inquiry is whether, after viewing the evidence in alight most favorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond a reasonabledoubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 19} R.C. 2919.25(D) provides that If the offender previouslyhas pleaded guilty to or been convicted of domestic violence, of aviolation of a municipal ordinance that is substantially similar todomestic violence, of a violation of section 2903.11, 2903.12, 2903.13,2903.14, 2903.21, 2903.211, 2903.22, 2911.211, or 2919.22 of the RevisedCode involving a person who was a family or household member at the timeof the violation, or of a violation of a municipal ordinance, a law ofthe United States or of any other state, or a municipal ordinance of amunicipal corporation located in any other state that is substantiallysimilar to one of those sections involving a person who was a family orhousehold member at the time of the violation, a violation of division(A) or (B) of this section is a felony of the fifth degree * * *.
 {¶ 20} When a prior conviction elevates the degree of a subsequent offense, the existence of the prior conviction is an essential element of the offense which must be alleged and proven beyond a reasonable doubt.State v. Harrington, Logan App. No. 8-01-20, 2002-Ohio-2190, citing Statev. Allen (1987), 29 Ohio St.3d 53, 506 N.E.2d 199, syllabus.
 {¶ 21} Appellant argues that the jury was not presented with any evidence that his prior conviction of Menacing Under Hicksville Village Ordinance 537.06 was substantially similar to domestic violence or to one of the enumerated Ohio Revised Code sections listed in R.C. 2919.25(D). The record reveals that to be true.
 {¶ 22} As stated above, in order to elevate the offense of domestic violence to a felony, R.C. 2919.25 requires the state to prove that the prior conviction was either for domestic violence, one of the enumerated offenses, or an offense substantially similar to domestic violence or one of the enumerated offenses. In this case, the State established that Dunderman had previously been convicted of violating Hicksville Village Ordinance No. 537.06 with the testimony of the arresting officer in that case and the plea agreement together with the text of the ordinance. However, the state failed to produce any evidence to establish that the village ordinance is substantially similar to domestic violence or one of the enumerated Ohio Revised Code sections listed in R.C. 2919.25. Nor does such "substantially similar" language appear in the indictment, opening statement of counsel, the court's instructions to the jury, the jury verdict or in any other manner during the course of the trial. Consequently, the jury in this case was not given any evidence, instructions or other basis for determining whether defendant's prior conviction under Hicksville Village Ordinance No. 537.06 was substantially similar to domestic violence or one of the enumerated statutory offenses, specifically, menacing under R.C. 2903.22.
 {¶ 23} As the "substantially similar" element is an essential element of the elevated offense of felony domestic violence, which needs to be proven by the State and considered by the jury, we cannot find that any rational trier of fact could have found the essential elements of domestic violence as a fifth degree felony proven beyond a reasonable doubt. As there was an obvious defect in the trial proceedings which subjected Appellant to a higher degree of offense with harsher penalties, Appellant has satisfied the plain error requirements.
 {¶ 24} Notwithstanding this error, the jury found Appellant guilty of all the essential elements of misdemeanor domestic violence. Consequently, as there was ample evidence to support Appellant's misdemeanor domestic violence conviction, we will not overturn the jury's verdict but must strike that portion of the verdict purporting to elevate the offense to a fifth degree felony.
 {¶ 25} Consequently, Appellant's second assignment of error is sustained to the extent that his domestic violence conviction should not have been elevated from a first degree misdemeanor to a fifth degree felony. Furthermore, as Appellant's sixth assignment of error challenges his sentence for committing a fifth degree felony, that assignment of error is overruled as moot.
 Fifth Assignment of Error
Appellant was denied the right to effective assistance of counsel and he was prejudiced as a result.
 {¶ 26} This court has previously addressed the issue of ineffective assistance of counsel when a trial has taken place and has determined that courts must consider "`whether the accused, under all the circumstances * * * had a fair trial and substantial justice was done.'"State v. Jones (Sept. 27, 2000), Auglaize App. No. 02-2000-07, 2000 WL 1420271, *2, quoting State v. Calhoun (1999), 86 Ohio St.3d 279, 289. In addition, attorneys licensed by the State of Ohio, "are presumed to provide competent representation." Jones, supra, citing State v. Hoffman
(1998), 129 Ohio App.3d 403, 407.
 {¶ 27} The State of Ohio has also adopted the two-part test for determining whether a criminal defendant has been denied the effective assistance of counsel established by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; See Statev. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "A convicted defendant must first show that his attorney's performance `fell below an objective standard of reasonableness,' and must then show that `there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Jones,supra, quoting Strickland, 466 U.S. at 688, 694. As to the first prong of the test, courts are to afford a high level of deference to the performance of trial counsel. Bradley, 42 Ohio St.3d at 142. The second prong regarding reasonable probability requires a probability sufficient to undermine the confidence in the outcome of the trial. Id.
 {¶ 28} Appellant argues that his trial counsel was ineffective because he failed to object to the admission of other acts evidence in violation of Evid.R. 404(B), failed to object when Appellant was questioned regarding his silence to a police officer, and failed to file a Crim.R. 29 motion for acquittal at the end of the State's case. As to the failure to object to other acts evidence, Appellant argues that Appellant's trial counsel should have objected to testimony by Heather that Appellant previously broke her finger. The Ohio Supreme Court has held that a reviewing court should not "second-guess trial strategy decisions, and `a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" State v. Mason (1998), 82 Ohio St.3d 144, 157-158, quotingStrickland, 466 U.S. at 689; see, also, State v. Bey (1999),85 Ohio St.3d 487, 493. Here, the decision not to object was a strategic decision on the part of trial counsel which would not likely affect the outcome of the trial and therefore did not constitute ineffective assistance of counsel. As to Appellant's argument that trial counsel failed to object to the State's questioning of Appellant regarding his silence, we previously determined that the State properly questioned Appellant requiring no objection by counsel. However, as to trial counsel's failure to file a Crim.R. 29 motion for acquittal, we sustain Appellant's fifth assignment of error for the reasons detailed in the second assignment of error as had trial counsel made this motion, the result of the proceeding would have been different.
 {¶ 29} Based on the foregoing, the judgment and sentence of the trial court are vacated and this cause is remanded with instructions to enter an adjudication and sentence upon the jury's finding of guilt as to first-degree misdemeanor domestic violence.
Judgment vacated and cause remanded.
BRYANT, P.J., and WALTER, J., concur.