**VAN HOOSE, In re.**

Ohio Appeals, Second District, Clark County.

No. 485.   Decided May 22, 1951.

Richard T. Cole, Municipal Pros., Springfield, for the City of Springfield.

Harvey Crow, Urbana, for the applicant.

### OPINION

By MILLER, J.

This is an action in habeas corpus submitted on an agreed statement of facts of which the following is pertinent to the issues presented.

The petitioner, Hobert Van Hoose, was the driver of a motor vehicle which was involved in a collision with another automobile at the intersection of two streets in the City of Springfield, Ohio. After the accident the police were called and upon investigation being made the petitioner was arrested without a warrant and taken to the city prison. The following day the arresting officer signed in blank a purported affidavit which was later filled in, charging him with the violation of traffic ordinance No. 4308-40 of the City of Springfield. The said affidavit purports to have been acknowledged before a Clerk of the Municipal Court, but as a matter of fact it was neither acknowledged nor sworn to before the said officer. The petition was then taken into the Municipal

Court of Springfield, where a plea of guilty was entered and sentence pronounced, which sentence he is now serving.

Several grounds are set forth urging that the Court had no jurisdiction to impose the sentence, but only one of which we find to be well taken, to wit, a proper affidavit was never filed in the Municipal Court which is a prerequisite to the acquiring of jurisdiction of the subject matter of the action. In **State v. Lanser, 111 Oh St 23,** at **page 26,** Allen, J., says:

"The filing of the affidavit is prerequisite to the issuing of the warrant, and without the filing of a proper affidavit no jurisdiction is acquired."

Since the Court had no jurisdiction over the subject matter the plea of guilty was of no significance, as such jurisdiction cannot be waived although it may be waived over the person. It is fundamental that want of jurisdiction either of the person or subject matter is ground for relief on habeas corpus.

The application will, therefore, be allowed.

HORNBECK, PJ, and WISEMAN, J, concur.