THE STATE OF OHIO, APPELLEE, *v.* TAYLOR, APPELLANT.

(Nos. C-810782 and C-810783 — Decided August 25, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Christian J. Schaefer* and *Mr. Gerald W. Krumpelbeck,* for appellee.
*Mr. Caleb Brown, Jr.,* for appellant.

*Per Curiam.* This cause came on to be heard upon appeals from the Municipal Court of Hamilton County.

Appellant, DeVore P. Taylor, Jr., filed these timely appeals from bench trial convictions on two counts of disorderly conduct, violations of R.C. 2917.11. The cases are consolidated in this appeal.

Appellant was originally charged with two counts of voyeurism under R.C. 2907.08. On the date of trial the state requested amendment of the two complaints from charges of voyeurism to disorderly conduct. The trial court granted the amendments over defense counsel's objection. Appellant's single assignment of error alleges the trial court committed prejudicial error by ordering the complaints amended. We agree.

Crim. R. 7(D) states in pertinent part:

"The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

We determine that the amendments in the matter *sub judice* changed the name and identity of the crime charged. The appellee argues that the complaints were amended to charge appellant with the lesser included offense of disorderly conduct and cites cases upholding guilty findings of lesser included offenses. Those cases are inapplicable to the procedure taken in this case. Here, the trial court, prior to trial and over defense objection, amended the complaints so as to change the name and identity of the crime. Thus, Crim. R. 7(D) controls.

Appellee argues under Crim. R. 33(E) that the trial court's action was not error in that appellant was fairly and reasonably informed of the charges against him. We reject appellee's argument that the error did not affect a substantial right of appellant. An accused has the right to notice of the offense with which he is charged by means of a complaint that is not misleading as to the elements of the charge. In the case *sub judice* the complaint was amended to completely change the name and identity of the crime charged. The fact that appellant proceeded to trial after preserving his objection to the amendments does not act as a waiver of the error.

Appellant's assignment of error is well-taken, the judgment below is reversed and the appellant is discharged.

*Judgment accordingly.*

PALMER, P.J., DOAN and KLUSMEIER, JJ., concur.