THE STATE OF OHIO, APPELLEE, *v.*
WEST, APPELLANT.

(No. CA87-09-077—Decided
August 22, 1988.)

*Robert Peeler,* city prosecutor, for appellee.

*T. Randall Turner,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Mason Municipal Court.

Defendant-appellant, Charlotte West, appeals her conviction for disorderly conduct. For the reasons set forth below, we reverse the conviction.

On December 23, 1986, a complaint was filed in the Mason Municipal Court alleging that on December 21, 1986, appellant obstructed official business contrary to R.C. 2921.31(A) when she acted in a manner to impede Warren County Deputy Sheriff James Goodall in the performance of his lawful duty. Goodall was at appellant's Townsley Drive residence in Loveland and was in the process of arresting appellant's son on an unrelated charge when appellant attempted to pull her son from Goodall's grasp.

A jury trial was scheduled for April 9, 1987. On the date of trial, the court permitted the state to amend the complaint, over appellant's objection, so as to change the charged offense from obstructing official business to disorderly conduct (R.C. 2917.11 [A][5]). Appellant was convicted of the amended charge and, on April 16, 1987, moved for a judgment of acquittal under Crim. R. 29(C), claiming that the amendment to the complaint constituted a violation of Crim. R. 7(D). Appellant's motion was denied and the matter is now before us on appellant's appeal with the following assignments of error having been submitted for our review:

First Assignment of Error

"The lower court erred in allowing the prosecution to amend the complaint on the day of trial thereby changing the name and identity of the crime charged."

Second Assignment of Error

"The lower court erred in failing to record its proceedings by an adequate recording device."

In her first assignment of error, appellant alleges that the trial court violated Crim. R. 7 when it permitted an amendment to the complaint that changed the name and identity of the charged offense. Crim. R. 7(D) provides, in part, that:

"The court may at any time before, during, or after a trial amend the * * * complaint * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.* * * *" (Emphasis added.)

The complaint charged appellant

with obstructing official business in violation of R.C. 2921.31(A). That statute provides that:

"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

The state amended the complaint, changing the charged offense to disorderly conduct under R.C. 2917.11 (A)(5), which provides that:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"* * *

"(5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender."

Under Crim. R. 7(D), a change in the name or identity of the charged crime occurs when a complaint is amended so that the offense alleged in the original complaint and that alleged in the amended complaint contain different elements which require independent proof. See *State* v. *Woody* (1986), 29 Ohio App. 3d 364, 29 OBR 493, 505 N.E. 2d 646. In *State* v. *Taylor* (1982), 8 Ohio App. 3d 20, 8 OBR 21, 455 N.E. 2d 1011, the accused was originally charged with two counts of voyeurism. On the date of trial, the state requested leave to amend the complaints and substitute disorderly conduct charges for the voyeurism charges. The trial court granted the amendments over defense counsel's objection. The Hamilton County Court of Appeals reversed and held that the amendments involved a change in the name and identity of the charged offenses and thus constituted violations of Crim. R. 7(D).

We conclude that the amendment to the complaint below amounted to a change in the name and identity of the crime charged and accordingly was in violation of Crim. R. 7(D). Under such circumstances, we therefore find that the disorderly conduct conviction must be reversed and appellant discharged.

Appellant's second assignment of error claims that under Crim. R. 22, the municipal court failed to provide an adequate device to record the proceedings at appellant's trial. Given our disposition of the first assignment of error, this assignment is rendered moot and is, accordingly, overruled. However, some observations are in order with respect to the subject of appellant's second assignment of error. The Mason Municipal Court utilizes a mechanical device to record its proceedings. The tapes are then transcribed into typewritten pages. Although a transcript of the proceedings in the case at bar was provided for review, we cannot help but note that the transcript includes a statement from the court reporter that two of the tapes from appellant's trial were missing and that a third was completely blank. Such apparent indifference with respect to recording and preservation of court proceedings for appellate review should not and cannot be tolerated. We strongly suggest that appropriate measures be taken to remedy the situation to prevent any similar mismanagement of the record of proceedings in the future.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and appellant is discharged.

*Judgment reversed and appellant discharged.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.