The STATE of Ohio, Appellee,

v.

JACKSON, Appellant.

[Cite as *State v. Jackson* (1992), 78 Ohio App.3d 479.]

Court of Appeals of Ohio,
Clark County.

No. 2835.

Decided March 2, 1992.

*Kathryn A. Reckley*, Springfield City Prosecutor, for appellee.

*Shawn A. Thomas* and *Clark County Public Defender's Office*, for appellant.

WOLFF, Judge.

James A. Jackson was found guilty of a violation of R.C. 4507.02(C). The trial court imposed a jail sentence of forty-five days, thirty of which were suspended, and court costs. The trial court suspended sentence pending appeal. On appeal, Jackson advances two assignments of error, the first of which is as follows:

"Absent a valid complaint, a municipal court is without jurisdiction over a traffic violation case and cannot entertain a motion to amend the complaint."

Jackson was issued a Uniform Traffic Ticket on April 16, 1991, describing his offense as "court suspension." The arresting officer did not indicate the Ohio Revised Code section or Springfield ordinance section that Jackson had allegedly violated. On June 21, 1991, Jackson moved to dismiss "based on the fact that the complaint is void in that it has not apprised the defendant as to the statute he has violated." On June 26, 1991, the state of Ohio moved to amend the traffic ticket to allege a violation of R.C. 4507.02(C). On July 5, 1991, Jackson expanded upon his reasons for urging dismissal by asserting that because of the insufficiency of the traffic ticket issued to him, the trial court lacked subject matter jurisdiction, and thus lacked the power to allow amendment of the complaint to state the statute allegedly violated, as had been requested by the state of Ohio.

By order of July 11, 1991, the trial court sustained the motion of the state of Ohio to amend the complaint to allege a violation of R.C. 4507.02(C), and implicitly overruled Jackson's motion to dismiss. Citing Crim.R. 7(D), the trial

court held that "[w]here, as here, a motion to amend is made at the pretrial, the identity of the crime remains unchanged, and the defendant has adequate time to prepare for trial and is not prejudiced, an amendment adding the statutory section number to a description of the charge is permissible."

Subsequent to the ruling of the trial court, Jackson entered his plea of no contest to a violation of R.C. 4507.02(C), and the court disposed of the case as hereinabove described.

Jackson's claim that the trial court lacked jurisdiction to permit the amendment of the traffic ticket to show a violation of R.C. 4507.02(C) is based upon the fact that the traffic ticket, as issued to him on April 16, 1991, had not been completed in accordance with the mandate of Traf.R. 3(E). The Uniform Traffic Ticket requires both a description of the offense and a designation of the violated statute or ordinance. Because the ticket was incomplete in these respects, Jackson contends that the charging instrument was void *ab initio*, and the trial court thus lacked subject matter jurisdiction to permit the amendment of the Uniform Traffic Ticket to show the statute allegedly violated.

In support of his jurisdictional argument, Jackson cites three appellate opinions which predate the adoption of the Ohio Traffic Rules. *In re Van Hoose* (1951), 61 Ohio Law Abs. 256, 103 N.E.2d 842; *Columbus v. Jackson* (1952), 93 Ohio App. 516, 51 O.O. 222, 114 N.E.2d 60; and *State v. Zdovc* (1958), 106 Ohio App. 481, 7 O.O.2d 217, 151 N.E.2d 672. Each of these cases involved unsworn affidavits. Each appellate court determined that the lack of a properly sworn affidavit was a jurisdictional defect. A further deficiency noted by the court in *Van Hoose* was that "the arresting officer signed in blank a purported affidavit which was later filled in." 61 Ohio Law Abs. at 256, 103 N.E.2d at 842.

As noted in *Cleveland v. Austin* (1978), 55 Ohio App.2d 215, 9 O.O.3d 368, 380 N.E.2d 1357, the Ohio Traffic Rules "[do] not require that the officer swear to the veracity of the complaint before an appropriate authority." *Id.* at 223, 9 O.O.3d at 373, 380 N.E.2d at 1364. Jackson does not contend that the police officer in this case did not execute the Uniform Traffic Ticket in accordance with the Ohio Traffic Rules. Where, as here, the deficiency in the Uniform Traffic Ticket does not involve the same deficiency as addressed by the appellate courts in the above-captioned cases, we think that those cases are dubious authority for the proposition that where a police officer fails to designate the statute or ordinance allegedly violated, the trial court lacks subject matter jurisdiction to permit an amendment designating the allegedly violated statute or ordinance. See *Cleveland Hts. v. Perryman* (1983), 8 Ohio App.3d 443, 444, 446–447, 8 OBR 567, 569, 570–572 457 N.E.2d 926, 928, 929–

931, as it relates to appellant Edwards. (We agree with Jackson that *Perryman* does not address the jurisdictional issue raised here, at least not expressly. Furthermore, the analysis in *Perryman* is essentially based on Crim.R. 7[D].)

In *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144, the court construed Crim.R. 7(D) and held that an indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment. In *O'Brien*, there was no suggestion that the trial court lacked the authority to permit the amendment of the indictment to allege an essential element of an offense. The court in *Perryman* noted that "traffic ticket complaints should be amendable to cure defects more readily than felony indictments." This is because a misdemeanor may be charged without the intervention of the grand jury, as is required by the Ohio Constitution in felony cases. *Id.*, 8 Ohio App.3d at 445, 8 OBR at 570, 457 N.E.2d at 929.

It is one thing to say a trial court should dismiss an insufficient Uniform Traffic Ticket citation. It is quite another thing to say that the trial court lacks jurisdiction to permit the amendment of an insufficient traffic citation. Where the amendment of the Uniform Traffic Ticket sought by the state is a designation of the statute or ordinance allegedly violated by the defendant, the trial court has jurisdiction to permit the amendment.

The first assignment of error is overruled.

Jackson's second assignment of error is as follows:

"The trial court erred by permitting the state to amend the original traffic affidavit pursuant to Criminal Rule 7(D)."

Although we have concluded in connection with Jackson's first assignment of error that the trial court had jurisdiction to permit the amendment adding a designation of R.C. 4507.02(C) as the statute allegedly violated by Jackson, we are nevertheless constrained to conclude that the amendment was not authorized by Crim.R. 7(D) in that the amendment changed the name and identity of the offense charged. *Id.* Jackson was charged in the Uniform Traffic Ticket, as issued on April 16, 1991, with "court suspension," which presumably meant "driving under court suspension." This offense is proscribed by R.C. 4507.02(D)(1) and is statutorily described as "driving under suspension." See R.C. 4507.99(A). A violation of R.C. 4507.02(C) is statutorily described as "driving without paying a license reinstatement fee." See R.C. 4507.99(A). The name and identity of the offense alleged in the Uniform

Traffic Ticket, as issued April 16, 1991, is not the same as the name and identity of the offense prohibited by R.C. 4507.02(C), or of the offense alleged in the amended traffic ticket. Indeed, as noted by Jackson, it was not necessary for the state to establish that Jackson was under a court suspension on April 16, 1991, to establish that he violated R.C. 4507.02(C). An unconsented to amendment of a Uniform Traffic Ticket which changes the name or identity of the offense alleged, being expressly forbidden by Crim.R. 7(D), is reversible error regardless of whether a defendant can demonstrate prejudice as a result of the amendment. See *Middletown v. Blevins* (1987), 35 Ohio App.3d 65, 67, 519 N.E.2d 846.

Because the amendment permitted by the trial court was expressly prohibited by Crim.R. 7(D), we sustain the second assignment of error.

In accordance with our disposition of the second assignment of error, the judgment appealed from will be reversed.

*Judgment reversed.*

BROGAN and GRADY, JJ., concur.