**The STATE of Ohio, Appellee,**

**v.**

**MULLINS, Appellant.**

[Cite as *State v. Mullins* (1997), 124 Ohio App.3d 112.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA97–05–043.

Decided Nov. 3, 1997.

*Robert Peeler,* Mason City Prosecutor, for appellee.

*James A. Whitaker,* for appellant.

KOEHLER, Judge.

Defendant-appellant, David R. Mullins, appeals his conviction in the Mason Municipal Court for violating R.C. 4511.36, which states rules for turns at intersections. For the reasons set forth below, we reverse the conviction.

On April 2, 1997, appellant and Sherry L. Hudgins were both traveling east on Natorp Drive in Deerfield Township. Appellant was driving a Ford F–350 pickup truck in the left lane. Hudgins was driving in the right lane. Appellant testified that after he came upon a "no truck" sign, he decided to leave Natorp Drive by turning right into the driveway of a shopping center. Because the one-way driveway was very narrow, appellant decided to turn into the driveway from the left lane by straddling the dividing line. As he was getting ready to make his turn, Hudgins passed appellant on the right. Appellant tried to avoid hitting Hudgins by swinging the steering wheel to the left but was unsuccessful. Appellant's truck struck Hudgins's car in the rear, causing her bumper cover to fall off.

Appellant was cited for failure to maintain the assured clear distance ahead in violation of R.C. 4511.21(A). After a bench trial on April 22, 1997, the trial court found appellant guilty of violating R.C. 4511.36.

Appellant timely filed this appeal and raises the following two assignments of error:

Assignment of Error No. 1:

"The judgment entered in the Mason Municipal Court on May 15, 1997, whereby David R. Mullins (defendant–appellant) was found guilty of a [sic] violating Ohio Revised Code § 4511.36 was in error because the prosecution failed to carry its burden of proof by presenting evidence proving guilt beyond a reasonable doubt."

Assignment of Error No. 2:

"The defendant–appellant cannot be found guilty of violating a section of the Ohio Revised Code that he was never charged with and never received any information that the crime was being amended to a new crime involving an offense that would be a change in the name and/or identity of the crime charged."

In his second assignment of error, appellant alleges that it is a violation of Crim.R. 7(D) for a court to "amend the offense charged at the conclusion of the trial where there is a change in the name or identity of the offense without advising the Defendant–Appellant." The record shows that the complaint was never amended but rather that the trial court convicted appellant of an offense with which was never charged.

Crim.R. 7(D) provides in part that "[t]he court may at any time before, during, or after a trial amend the * * * complaint * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.*" (Emphasis added.)

■ Under Crim.R. 7(D), a change in the name or identity of the charged crime occurs when a complaint is amended so that the offense alleged in the original complaint and the offense alleged in the amended complaint contain different elements which require independent proof. *State v. West* (1988), 52 Ohio App.3d 110, 111, 557 N.E.2d 136, 138.

■ We find that the trial court's de facto amendment to the complaint below by convicting appellant of an offense with which he was never charged amounts to a change in the name and identity of the crime charged and accordingly was in violation of Crim.R. 7(D). Under these circumstances, we find that appellant's conviction for violating R.C. 4511.36 must be reversed and appellant discharged.

In light of the foregoing, appellant's second assignment of error is well taken and sustained. Our disposition regarding the second assignment of error renders moot any consideration of appellant's first assignment of error.

The judgment reversed and appellant is discharged.

*Judgment reversed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.