DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Mary Buhl appeals the judgment of the Jackson County Municipal Court, which convicted her of failing to stop at a red light, a violation of Wellston Municipal Code (W.M.C.) 70.21(A)(3). Appellant asserts that the trial court erred by denying her Crim. R. 29(A) motion for acquittal. Appellant also argues that the trial court erred by amending the charge against her at the conclusion of the trial by changing the charge under W.M.C. 72.22(A), failure to stop at a stop sign, to a charge under W.M.C. 70.21(A)(3), failure to stop at a red light.
 {¶ 2} For the following reasons, we agree with appellant and reverse the judgment of the trial court.
 The Motor Vehicle Accident {¶ 3} On December 13, 2001, in Wellston, Ohio, Defendant-Appellant Mary Buhl was involved in an automobile accident with Ernasteen Davis. Evidently, appellant was travelling southbound along Pennsylvania Avenue at the same time that Davis was travelling westbound along 14th Street. Pennsylvania Avenue and 14th Street intersect, and traffic patterns through the intersection are controlled by a traffic light. At the time of the accident, Davis' vehicle was nearly through the intersection when appellant's vehicle struck her broadside.
 {¶ 4} Appellant was cited, and the ticket issued to her indicated that she "[f]ailed to yield to a vehicle already in the intersection." The ticket cited to W.M.C. 72.22(A), which requires drivers to stop at stop signs and yield to other vehicles already in the intersection before proceeding.
 The Trial Court Proceedings {¶ 5} On January 30, 2002, a bench trial was held and the testimony of several witnesses was presented.
 {¶ 6} At the trial, Davis testified that she had a green light when she entered the intersection and that her light was still green immediately following the collision. Davis further testified that after the collision, appellant apologized to her saying that the light had turned red and she was unable to stop in time to avoid the collision.
 {¶ 7} The police officer that investigated the accident also testified at the trial. The officer testified that the damage to Davis' vehicle was reserved to the passenger-side midsection (i.e., the passenger-side doors), but centered more towards the rear of the vehicle. He also testified that the front of appellant's vehicle suffered damage. In addition, the officer testified that he did not recall anyone at the accident scene indicate which vehicle had the green light.
 {¶ 8} Davis and the investigating officer also testified that there was no stop sign facing traffic on Pennsylvania Avenue.
 {¶ 9} At the close of the prosecutor's case-in-chief, appellant moved for an acquittal under Crim. R. 29(A). Appellant asserted that she could not be convicted of the offense charged, failure to stop at a stop sign, because the testimony established that there was no stop sign at the intersection facing traffic on Pennsylvania Avenue. The trial court overruled appellant's motion for an acquittal.
 {¶ 10} Subsequently, appellant took the stand to testify in her defense. She testified that she had a green light when she entered the intersection and that she never saw Davis' vehicle until immediately before the collision. She further testified that she never made the statement related by Davis concerning the light turning red.
 {¶ 11} Finally, Curtis Carter testified in rebuttal. Carter indicated that he recognized Davis' vehicle when he came upon the accident scene. Carter testified that he stopped to check on Davis, who is his wife's grandmother. According to Carter's testimony, while he was at the scene, appellant informed him that when she came to the intersection the light was green, but that it changed and she was unable to stop.
 {¶ 12} At the close of evidence and summations, the trial court, on its own motion, pursuant to Crim. R. 7, amended the charges from a violation of W.M.C. 72.22(A) (failure to yield at a stop sign) to a violation of W.M.C. 70.21(A)(3) (failure to yield at a red light). Appellant objected to the trial court's amendment of the charges. Appellant also asked the court for a continuance, but conceded that the testimony would be the same if they had another trial. The trial court granted the continuance and informed appellant that she could present any further evidence going to the amended charges. The trial never resumed, and instead, the parties filed briefs with the court addressing the trial court's amendment of the charges pursuant to Crim. R. 7.
 {¶ 13} On April 10, 2002, the trial court issued its decision and judgment. The trial court found that its amendment of the ticket was proper. It also found appellant guilty of failing to stop at a traffic signal (i.e., red light), a minor misdemeanor in violation of W.M.C. 70.21(A)(3). The trial court imposed a $50 fine upon appellant and ordered her to pay court costs.
 The Appeal {¶ 14} Appellant timely filed her notice of appeal and presents the following assignments of error for our review.
 {¶ 15} First Assignment of Error: "The trial court erred in denying appellant's motion for acquittal pursuant to Crim. R. 29(A) inasmuch as there was not testimony in the city's case that appellant failed to stop at a stop sign as required by W.M.C. 72.22(A)."
 {¶ 16} Second Assignment of Error: "The trial court erred in amending the initial charge of violating W.M.C. 72.22(A) (stop sign) to W.M.C. 70.21(A)(3)(a) (red light) after closing arguments and on its own motion in direct violation of Criminal Rule 7(D)."
 {¶ 17} We will address appellant's Second Assignment of Error first, as it resolves the issue before us.
 I. Amending the Complaint {¶ 18} At issue in this assignment of error is whether the trial court's application of Crim. R. 7(D) was proper. Crim. R. 7(D) provides in part: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."
 {¶ 19} "Whether an amendment changes the name or identity of the crime charged is a matter of law." State v. Cooper (June 25, 1998), Ross App. No. 97CA2326, citing State v. Jackson (1992), 78 Ohio App.3d 479,605 N.E.2d 426. This Court reviews matters of law de novo. See id.;Nicholas v. Hanzel (1996), 110 Ohio App.3d 591, 674 N.E.2d 1237.
 {¶ 20} We recognize the wisdom in "liberally" permitting the amendment of traffic ticket complaints. See Cleveland Heights v.Perryman (1983), 8 Ohio App.3d 443, 446, 457 N.E.2d 926 ("[A]mendments of misdemeanor complaints should be allowed, if the defendant still has a reasonable opportunity to prepare his defense and the amendments simply clarify or amplify in a manner consistent with the original complaint."). Nevertheless, if an amendment to a misdemeanor complaint changes the name or identity of the crime charged, that amendment is erroneous.
 {¶ 21} In the case sub judice, appellant was cited for violating W.M.C. 72.22(A), which provides: "Except when directed to proceed by a law enforcement officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it."
 {¶ 22} After the close of evidence and summations, the trial court amended the charge to a violation of W.M.C. 70.21(A)(3)(a), which provides: "Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or if none, then before entering the intersection, and shall remain standing until an indication to proceed is shown * * *."
 {¶ 23} An amendment from W.M.C. 72.22(A) to W.M.C. 70.21(A) does change the name of the offense. W.M.C. 72.22 is entitled "Right-Of-Way At Through Highways; Stop Signs; Yield Signs," while W.M.C. 70.21 is entitled "Signal Lights." Furthermore, each offense contains an element that the other does not: a violation of W.M.C. 72.22 requires the state to prove that the defendant failed to stop at a stop sign, which need not be shown for W.M.C. 70.21; a violation of W.M.C. 70.21 requires the state to prove that the defendant failed to obey the signal lights at an intersection (i.e., stop at a stop light), which need not be shown for W.M.C. 72.22. Thus, the amendment from W.M.C. 72.22 to W.M.C. 70.21 also changes the identity of the offense charged. Therefore, we hold that the amendment of a traffic ticket from a stop sign violation to a stop light violation changes the name and identity of the offense in violation of Crim. R. 7(D).
 {¶ 24} Accordingly, we sustain appellant's Second Assignment of Error.
 II. Motion for Acquittal {¶ 25} Based on our disposition of appellant's Second Assignment of Error, we find that the remaining assignment of error is rendered moot. See App. R. 12(A)(1)(c).
 Conclusion {¶ 26} The trial court's amendment of the traffic ticket issued appellant violates Crim. R. 7(D). Therefore, we sustain appellant's Second Assignment of Error. Accordingly, we reverse the judgment of the trial court and remand the cause for proceedings not inconsistent with this opinion.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED, and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the JACKSON COUNTY MUNICIPAL COURT to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.