[Cite as *State v. Murphy*, 2014-Ohio-3368.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-122 |
| | : | |
| MICHAEL J. MURPHY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Licking County
                                 Municipal Court, Case No. 13-TRD-
                                 9411



JUDGMENT:                        Reversed and Remanded



DATE OF JUDGMENT ENTRY:          July 28, 2014



APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

J. MICHAEL KING                          DAVID B. STOKES
ASST. NEWARK LAW DIRECTOR                33 West Main St., Suite 102
40 West Main St.                         Newark, OH 43055
Newark, OH 43055

*Hoffman, P.J.*

{¶1}   Appellant Michael J. Murphy appeals the Judgment of Conviction entered by the Licking County Municipal Court on November 19, 2013.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from a bench trial held before the Licking County Municipal Court on November 19, 2013.

{¶3}   This case arose on September 5, 2013 around 5:30 p.m. in the city of Newark when Leah Ogilbee was traveling westbound in her Nissan Altima on Shields Street and entered the intersection of Shields and 11th Street.  Ogilbee had the right of way with no stop signs or other traffic signals impeding her progress on Shields.  Ogilbee's two children were with her and she was on her way home.

{¶4}   In the meantime, Appellant was delivering pizzas in his vehicle.  He was operating a Kia, proceeding northbound on 11th Street, and testified he stopped for the stop sign at the intersection of 11th Street and Shields.  He did not see Ogilbee and proceeded into the intersection.

{¶5}   Too late, Ogilbee saw Appellant; she attempted to swerve to miss his vehicle but struck him.  Ogilbee sustained damage to the center front of her vehicle; Appellant's vehicle was damaged on the passenger side.  Both vehicles had to be towed from the scene and Ogilbee's was "totaled."

{¶6}   Officer Purtee of the Newark Police Department investigated the crash.  Ogilbee was transported to the hospital and Purtee did not speak with her.  Purtee did

speak to Appellant, who told him he stopped for the stop sign, was distracted by the gospel music he was listening to, and never saw Ogilbee until she struck him.

{¶7}   At trial Purtee described the crash as a "T-bone type of accident" although not quite straight-on, with Ogilbee's vehicle striking a "glancing blow" off the side of Appellant's vehicle.  It was apparent to Purtee Appellant ran the stop sign, or failed to yield to Ogilbee after stopping.

{¶8}   Appellant called Mark Stalling as a proposed expert witness.  Stalling works in vehicle restoration and does auto body and collision work.  He inspected both vehicles involved in the crash and photographed them; he also visited the crash scene. Based upon the damage to the vehicles, Stalling opined Ogilbee swerved immediately prior to the crash.  When he was asked his opinion of the relative speed of the vehicles, Appellee objected, arguing no foundation was laid to establish Stalling was an expert in crash reconstruction.  The trial court agreed and sustained the objection.  Appellant thereupon proffered Stalling's estimation that Ogilbee was traveling at least 35 miles per hour in a 25-mile-per-hour zone at the time of the impact.

{¶9}   Appellant testified at trial.  He said he stopped for the stop sign, looked both ways, did not see Ogilbee, and proceeded into the intersection where he was suddenly struck.  He stated he was listening to gospel music at the time but denied telling Purtee he was "distracted" by the music.  Instead, he said he told the officer, "Can you believe this happened while I was listening to gospel music?"  He denied he was distracted looking for the address of a pizza customer; he stated it is against his employer's policy to look at pizza receipts while driving.  He simply did not see or hear anything until he was hit.

{¶10} Purtee cited Appellant by uniform traffic ticket (U.T.T.) with one count of failure to yield the right of way pursuant to R.C. 4511.41. At the conclusion of the trial to the court, Appellant moved to dismiss the U.T.T. because he was cited with the wrong code section, arguing he should have been cited pursuant to R.C. 4511.43. Appellee responded the facts fit either code section and moved to amend the violation to R.C. 4511.43. Appellant objected it was too late to amend, but the trial court overruled the objection, found Appellant guilty upon a violation of R.C. 4511.43, and imposed a fine of $25 plus court costs.

{¶11} Appellant now appeals from the judgment entry of conviction.

{¶12} Appellant raises four assignments of error:

**ASSIGNMENTS OF ERROR**

{¶13} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FINDING APPELLANT GUILTY OF AN OFFENSE FOR WHICH HE WAS NOT CHARGED."

{¶14} "II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DISALLOWING MARK STALLING TO TESTIFY AS AN EXPERT WITNESS."

{¶15} "III. THERE WAS INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF R.C. 4511.41 OR R.C. 4511.43; HENCE, THE TRIAL COURT ERRED BY FINDING APPELLANT GUILTY OF R.C. 4511.43."

{¶16} "IV. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY NOT GRANTING APPELLANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF THE EVIDENCE (TR. 62)."

I.

{¶17} Appellant argues the trial court should not have permitted the amendment to R.C. 4511.43 and should not have found him guilty thereof.  We agree.

{¶18} The U.T.T. completed by Purtee cites R.C. 4511.41 and is described as "failure to yeild [*sic*] (ROW)."  The bill of particulars provided by appellee states:

> On September 5, 2013, the defendant was at the intersection of North 11th Street and West Shields Street in the City of Newark, Licking County, Ohio.  The Defendant pulled out in front of another vehicle driven by Ms. Ogilbee, who struck the Defendant.  The Defendant stated he was distracted by his music and did not see the on-coming vehicle.

{¶19} Appellant was cited with a violation of R.C. 4511.41, "right-of-way at intersections," which states:

> (A) When two vehicles, including any trackless trolley or streetcar, approach or enter an intersection from different streets or highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

> (B) The right-of-way rule declared in division (A) of this section is modified at through highways and otherwise as stated in Chapter 4511. of the Revised Code.

> (C) Except as otherwise provided in this division, whoever violates this section is guilty of a minor misdemeanor. If, within one year of the offense, the offender previously has been convicted of

or pleaded guilty to one predicate motor vehicle or traffic offense, whoever violates this section is guilty of a misdemeanor of the fourth degree. If, within one year of the offense, the offender previously has been convicted of two or more predicate motor vehicle or traffic offenses, whoever violates this section is guilty of a misdemeanor of the third degree.

{¶20} Appellant did not move for a judgment of acquittal at the close of Appellee's evidence. Appellant presented his case and rested; Appellee presented rebuttal evidence. At the close of all of the evidence, Appellant made a motion to dismiss, arguing he should have been cited instead with a violation of R.C. 4511.43. The pertinent portion of R.C. 4511.43, "driving in response to stop or yield sign," states:

(A) Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways.

* * * *.

(C) Except as otherwise provided in this division, whoever violates this section is guilty of a minor misdemeanor. If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to one predicate motor vehicle or traffic offense, whoever violates this section is guilty of a misdemeanor of the fourth degree. If, within one year of the offense, the offender previously has been convicted of two or more predicate motor vehicle or traffic offenses, whoever violates this section is guilty of a misdemeanor of the third degree.

{¶21} The Traffic Rules are silent regarding amendment of citations by the trial court; therefore Traf.R. 20 refers to Crim.R. 7(D), which states:

The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect

to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint. No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted.

{¶22} Although the rule permits most amendments, it flatly prohibits amendments that change the name or identity of the crime charged. *State v. Plaster*, 164 Ohio App.3d 750, 2005-Ohio-6770, 843 N.E.2d 1261 (5th Dist.2005), ¶ 32, citing *State v. O'Brien*, 30 Ohio St.3d 122, 126, 508 N.E.2d 144 (1987). A change in the name or identity of the charged crime occurs when a complaint is amended so that the offense alleged in the original complaint and that alleged in the amended complaint contain different elements which require independent proof. *State v. West*, 52 Ohio App.3d 110, 111, 557 N.E.2d 136 (12th Dist. 1988). A trial court commits reversible error when it permits an amendment that changes the name or identity of the offense charged, regardless of whether the defendant suffered prejudice. *State v. Smith*, 10th Dist. Franklin No. 03AP-1157, 2004-Ohio-4786, ¶ 10. See, also, *State v. Headley*, 6

Ohio St.3d 475, 453 N.E.2d 716. "Whether an amendment changes the name or identity of the crime charged is a matter of law." *State v. Cooper*, 4th Dist. Ross No. 97CA2326, 1998 WL 340700 (June 25, 1998), *1, citing *State v. Jackson*, 78 Ohio App.3d 479, 605 N.E.2d 426 (2nd Dist.1992).

{¶23} The amendment in this case was neither sua sponte nor initiated by Appellee, but in response to Appellant's argument he should have been cited under R.C. 4511.43 in the first place. Appellee argued the evidence established Appellant's guilt under either section because the violation contained in both sections is the operator's failure to yield to a driver having the right-of-way; the difference is the type of intersection and whether it is controlled by a stop or yield sign. Both offenses are minor misdemeanors. The difference between the two code sections is described in the legislative history to R.C. 4511.41:

> Under prior law, a driver approaching an intersection where two roadways crossed each other was generally required to yield the right of way to any vehicle approaching from the right, but exceptions were made, by reference to section 4511.43, for vehicles on through highways, those required to stop by a stop sign or traffic signal, those required to yield the right of way by a yield sign, and those transferring from one traffic lane to another when entering a through highway from a ramp or entrance. Prior law also required a driver on a dead-end road or highway to yield to any vehicle on the intersecting road or highway unless otherwise directed by a traffic control device "or as provided in section

4511.43." The effect of the reference to section 4511.43 was not clear in this instance.

The new version of the section retains the right of way rule former law provided for a driver approaching an intersection not controlled by signs or traffic signals, and incorporates, by a general reference to exceptions established by other sections of Chapter 4511., the exceptions prior law established by reference to section 4511.43. The major difference between the new version of the section and prior law is removal of the right of way formerly granted a driver on a road that intersected with a dead-end road or highway. Under the new version of the section, unless such an intersection is controlled by a traffic control device, a driver approaching or entering the intersection is required to yield to any vehicle approaching from the right regardless of which road the driver or other vehicle may be moving on.

* * * *.

{¶24} In *Allstate Ins. Co. v. Angelo,* this Court examined the relationship of R.C. 4511.41 to R.C. 4511.43 and concluded the latter operates as an "exception" to the former under which a driver at a stop sign approaching from the right, who would otherwise have the right-of-way, loses the preferential right-of-way because he or she is required to stop.  7 Ohio App.2d 149, 153, 210 N.E.2d 218 (5th Dist.1966).

{¶25} We reach the inevitable conclusion, therefore, despite the circumstances of the case, the amendment of the traffic citation at issue did change the name or identity of the violation, which is impermissible pursuant to Crim.R. 7(D).

{¶26} We therefore do not reach the question of whether Appellant suffered prejudice from the amendment. See, *State v. Jackson*, 78 Ohio App.3d 479, 605 N.E.2d 426 (2nd Dist.1992); *State v. Pignaloso*, 11th Dist. Portage No. 2006-P-0068, 2007-Ohio-3194. Because we have concluded the amendment changed the name or identity of the offense, this case is distinguishable from *City of Logan v. Quillen*, 4th Dist. Hocking No. 94CA26, 1995 WL 637059, appeal not allowed, 75 Ohio St.3d 1422, 662 N.E.2d 25 [even if amendment changed name and identity of offense, which it did not, appellant did not sustain prejudice] and our decision in *State v. Elliott*, 5th Dist. Licking No. 2011-CA-00064, ¶ 31, appeal not allowed, 132 Ohio St.3d 1410, 2012-Ohio-2454, 968 N.E.2d 492 [amendment permitted to reflect proper subsection of offense].

{¶27} Appellant's first assignment of error is sustained.

II.

{¶28} In his second assignment of error, Appellant argues the trial court should have allowed Mark Stalling to testify as an expert witness as to the issue of Ogilbee's speed. We disagree.

{¶29} The initial determination of whether a witness qualifies to testify as an expert rests with the trial court and will not be reversed absent an abuse of discretion. *State v. Garland*, supra, 116 Ohio App.3d at 468, citing *Kitchens v. McKay*, 38 Ohio App.3d 165, 169, 528 N.E.2d 603 (12th Dist.1987).

{¶30} It is within the sound discretion of a trial court to refuse to admit the testimony of an expert witness if such testimony is not essential to the trier of fact's understanding of the issue and the trier of fact is capable of coming to a correct conclusion without it. *Bostic v. Connor*, 37 Ohio St.3d 144, 148, 524 N.E.2d 881 (1988). In this case, Stallings proffered his opinion Ogilbee was traveling "at least 35 miles per hour," which would be in excess of the posted 25-mile-per-hour speed limit and in excess of Purtee's estimate of her speed at 25 miles per hour.

{¶31} Purtee testified Ogilbee's speed was not relevant to his citation of appellant because it was Appellant's failure to yield from the stop sign which was the overall cause of the crash.  We find this reasoning persuasive in finding the trial court did not abuse its discretion in disallowing Stalling's testimony as an expert witness on the issue of speed because the trial court was able to determine whether Appellant failed to yield the right of way from a stop sign without the expert testimony.

{¶32} Moreover, we find the trial court did not abuse its discretion in finding Appellant laid an insufficient foundation to establish Stalling was an expert in establishing the speed of the vehicles.  Stalling testified his analysis of the crash was limited to viewing the vehicles and the crash scene after the fact; he did not take any measurements from the scene or make any calculations therefrom, and he was not able to obtain any "black box" evidence from either vehicle.

{¶33} Appellant's second assignment of error is overruled.

## III & IV

{¶34} Based upon our disposition of Appellant's Assignment of Error I, we find these assignments of error premature.

{¶35} The judgment of the trial court is reversed and the case is remanded to that court with instruction to render judgment as to whether Appellant violated R.C. 4511.41 as initially cited.

By: Hoffman, P.J.

Wise, J., concurs;

Delaney, J., concurring in part and dissenting in part

*Delaney, J., concurring in part and dissenting in part.*

{¶36} I concur in the majority's decision the amendment of the traffic citation was impermissible pursuant to Crim.R. 7(D) and agree to sustain Appellant's Assignment of Error I.

{¶37} However, I respectfully dissent from the majority's remand instructions to the trial court to render judgment as to whether Appellant violated R.C. 4511.41, as initially cited. I believe the proper disposition should be to reverse the trial court's judgment and Appellant discharged. In light thereof, I would find Appellant's Assignments of Error III and IV to be moot.

{¶38} Lastly, I concur in the majority's decision overruling Appellant's Assignment of Error II.