[Cite as *State v. Harding*, 2018-Ohio-1148.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17-CA-37 |
| JOAN HARDING | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County Municipal
                            Court, Case No. 16CRB02283


JUDGMENT:                   Judgment Reversed,
                            Final Judgment Entered


DATE OF JUDGMENT ENTRY:     March 26, 2018


APPEARANCES:

For Defendant-Appellant                 For Plaintiff-Appellee

STEPHANIE L. TACKETT                    BRIAN ZETS
Reese, Pyle, Drake & Myer, P.L.L.,      City of Pataskala Law Director
36 N. Second Street                     Issac, Wiles, Burkholder & Teetor
P.O. Box 919                            2 Miranova Place, Suite 700
Newark, Ohio 43058-0919                 Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1}   Appellant Joan Harding appeals the judgment entered by the Licking County Municipal Court convicting her of failure to disclose personal information (R.C. 2921.29) and sentencing her to thirty days incarceration.  Appellee is the state of Ohio.[1]

## STATEMENT OF THE FACTS AND CASE

{¶2}   On October 28, 2016, Pataskala police were summoned to the Haunted Hoochie by security officers who were having difficulty with a female patron of the site. The Haunted Hoochie is a haunted house attraction in Pataskala, Ohio.  When Patrolman Shane Mills arrived, he noted the woman looked like she fell on her face, and she was visibly intoxicated.  The woman smelled like alcohol, had slurred speech and glassy eyes, and was irritated.  She stated she had been assaulted in the Haunted Hoochie, but based on video surveillance, security officers and police found her claim was not credible.

{¶3}   The woman wanted to walk to her friend's house, but police did not feel it was safe for her attempt to walk on Broad Street.  While waiting for medics to arrive on the scene, police repeatedly asked her name, and she would not provide her name. Approximately three days later, the woman was identified as Appellant from California Bureau of Motor Vehicle records.

{¶4}   Appellant was charged with one count of disorderly conduct while intoxicated (R.C. 2917.11(B)) and one count of obstructing official business (R.C. 2921.31).  The case proceeded to bench trial on May 8, 2017.

---

[1] The State did not file a brief in the instant appeal.  Pursuant to App.R. 18(C), we may accept Appellant's statement of the facts and issues as correct and reverse the judgment if Appellant's brief reasonably appears to sustain such action.

**{¶5}** After the State rested its case, the court dismissed both charges upon Appellant's Crim. R. 29 motion. The court then permitted the State to amend the charge, over Appellant's objection, to one count of failure to disclose personal information in violation of R.C. 2321.29.

**{¶6}** Appellant testified at trial she was in Ohio for a friend's birthday party in Columbus. She stayed with friends in Pataskala, and one of her friends was the sister of the owner of the Haunted Hoochie. After a dinner in a restaurant in Gahanna where an alcoholic beverage was spilled on Appellant, she testified she toured the Haunted Hoochie without purchasing a ticket, due to her connection to the owner's sister. While in the attraction, she testified she was punched in the face and ear by the gentleman wielding a chainsaw. She testified the police officer was very aggressive toward her, accusing her of trespassing because she did not have a ticket for the attraction. Because of his manner, she did not believe he was a real police officer, and therefore refused to provide him with her name.

**{¶7}** Appellant was convicted of the amended charge of failure to disclose personal information and sentenced to thirty days incarceration, with twenty-nine days suspended, and given credit for one day served. She was placed on probation for one year.

**{¶8}** From the May 8, 2017 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

I. IT WAS ERROR AND A VIOLATION OF DUE PROCESS FOR THE TRIAL COURT TO AMEND THE CHARGES DURING TRIAL TO

INCLUDE A CHARGE THAT CHANGED THE NAME AND IDENTITY OF THE CRIME CHARGED IN VIOLATION OF CRIMINAL RULE 7(D).

II.     EVEN IF THE TRIAL COURT WAS NOT ERRONEOUS IN AMENDING THE CHARGES, THE DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO MOVE FOR A REASONABLE CONTINUANCE OF THE TRIAL IN THIS MATTER TO PRESERVE THE APPELLANT'S RIGHT TO A FAIR TRIAL IN ORDER TO PRESERVE JUSTICE AND PREVENT PREJUDICE.

I.

**{¶9}** In her first assignment of error, Appellant argues the trial court erred in allowing an amendment of the crime charged which changed the name and identity of the offense.  We agree.

**{¶10}** Crim. R. 7(D) provides in pertinent part, "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

**{¶11}** Although the rule permits most amendments, it flatly prohibits amendments which change the name or identity of the crime charged. *State v. O'Brien*, 30 Ohio St.3d 122, 126, 508 N.E.2d 144 (1987). A trial court commits reversible error when it permits an amendment which changes the name or identity of the offense charged, regardless of whether the defendant suffered prejudice. *State v. Smith*, 10th Dist. Franklin No. 03AP-

1157, 2004-Ohio-4786, ¶10. *See, also, State v. Headley*, 6 Ohio St.3d 475, 453 N.E.2d 716. "Whether an amendment changes the name or identity of the crime charged is a matter of law." *State v. Cooper* (June 25, 1998), 4th Dist. Ross No. 97CA2326, 1998 WL 340700, at 1 (June 25, 1998), *citing State v. Jackson*, 78 Ohio App.3d 479, 605 N.E.2d 426 (1992).

{¶12} Appellant was charged with disorderly conduct while intoxicated in violation of R.C. 2917.11(B), which states:

(B) No person, while voluntarily intoxicated, shall do either of the following:

(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others;

(2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another.

{¶13} She was also charged with obstructing official business as defined by R.C. R.C. 2921.31:

(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act

within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

(B) Whoever violates this section is guilty of obstructing official business. Except as otherwise provided in this division, obstructing official business is a misdemeanor of the second degree. If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree.

{¶14} After dismissing both charges upon Appellant's Crim. R. 29 motion for directed verdict of acquittal, the court amended the charge to failure to disclose personal information as defined by R.C. R.C. 2921.29:

(A) No person who is in a public place shall refuse to disclose the person's name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects either of the following:

(1) The person is committing, has committed, or is about to commit a criminal offense.

(2) The person witnessed any of the following:

(a) An offense of violence that would constitute a felony under the laws of this state;

(b) A felony offense that causes or results in, or creates a substantial risk of, serious physical harm to another person or to property;

(c) Any attempt or conspiracy to commit, or complicity in committing, any offense identified in division (A)(2)(a) or (b) of this section;

(d) Any conduct reasonably indicating that any offense identified in division (A)(2)(a) or (b) of this section or any attempt, conspiracy, or complicity described in division (A)(2)(c) of this section has been, is being, or is about to be committed.

**{¶15}** We find the amendment was clearly a change in both the identity and the name of the offense from the two offenses with which Appellant was originally charged. As such, the amendment was prohibited by the plain language of Crim. R. 7(D).

**{¶16}** The first assignment of error is sustained.

II.

**{¶17}** The second assignment of error is rendered moot by our disposition of the first assignment of error.

**{¶18}** The May 8, 2017, judgment of conviction and sentence is vacated. Pursuant to App. R. 12(B), we hereby enter final judgment acquitting Appellant of the offense of failure to disclose personal information in violation of R.C. 2921.29.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur